ISAAC T. KELLOGG *vs.* FRANCIS N. KIMBALL.

Suffolk.  Nov. 14, 1876. — March 1, 1877.  AMES & LORD, JJ., absent.

An appeal from a judgment overruling a demurrer to a declaration cannot be heard in this court until after the case has been tried.

A declaration contained three counts, two in tort and the third in contract for money had and received, not alleged to be for one and the same cause of action. A demurrer to the declaration was sustained because of a misjoinder of a count in tort with a count in contract. An amended declaration was filed, as a substitute for the first and second counts of the original declaration, containing two counts, one in contract and one in tort, and alleging that the count in tort was for the same cause of action as set out in the three counts of the original declaration. A demurrer, filed to the amended declaration because neither count stated a legal cause of action and for misjoinder, was sustained as to the first amended count and overruled as to the others. *Held*, that the count for money had and received in the original declaration remained in the record as one of the counts upon which the plaintiff relied.

The deposition of an aunt of a party, who has known him from infancy, is admissible to prove his minority, and the question of its sufficiency is for the jury.

In an action to recover back money obtained of the plaintiff, a minor, it is not necessary to make any other than the general allegation of damage to the plaintiff.

MORTON, J. The original declaration contained three counts, two in tort and the third in contract for money had and received, not alleged to be for one and the same cause of action. A demurrer was filed, and the Superior Court sustained the demurrer, because there was a misjoinder of a count in tort with a count in contract. The plaintiff thereupon, by leave of court, filed an amendment which was plainly intended to be a substitute for the first and second counts of his original declaration, containing two counts, one in contract and one in tort, and alleging that the count in tort was for the same cause of action as

set out in the first, second and third counts of his declaration. The defendant demurred to the amended declaration, upon the grounds, that neither count stated a legal cause of action, and that there was a misjoinder of a count in tort with counts in contract.

The Superior Court sustained the demurrer as to the first amended count, and we need not further consider that count. It overruled the demurrer as to the other counts. Each party appealed from these rulings.

In this state of the pleadings, the case came on for trial, and the defendant objected to proceeding with the trial, while these appeals were pending. The court correctly ruled that the case should proceed to trial. The rulings upon the demurrers were interlocutory, and could not be brought to this court for decision until the case had been tried.

The court also correctly ruled that the plaintiff might put in evidence under his count for money had and received. This count had not been stricken out of the case by substituting another count for it, nor was the demurrer to it sustained. It remained on the record as one of the counts upon which the plaintiff relied.

The only other exception taken at the trial was to the admissibility and sufficiency of the deposition of Candice Griggs to prove that the plaintiff was a minor. It is too clear to need discussion that the testimony of an aunt who had known the plaintiff from his infancy, was competent, and, if believed by the jury, sufficient to prove his age.

The defendant contends that the judgment of the Superior Court overruling his demurrer to the amended declaration was erroneous.

So far as his demurrer is for a misjoinder of counts, the decision of that court is final and we cannot revise it upon appeal. Gen. Sts. c. 129, § 64. But the defendant demurred on the ground that the facts alleged do not in point of law support the action, and specifically pointed out as the defect relied on in the count in tort " that the plaintiff nowhere alleges in his count in tort that he suffered any damage by reason of said purchase or by reason of any act of the defendant." This objection is based upon the ground that this is a count in tort in the nature

of deceit. But such is not ·its character. It was intended for a count to recover back money obtained of the plaintiff, a minor. It is not necessary to allege that the property was of less value than the price paid, or to make any other than the general allegation of damage to the plaintiff. The count is inartificially drawn and is defective in other respects, but is not demurrable for the reason assigned by the defendant. Under our statutes, the party must be confined to the causes of demurrer specified by him, although the declaration may be defective on grounds not specified. *Suffolk Bank* v. *Lowell Bank*, 8 Allen, 355.

The result is that the judgment against the defendant upon his demurrer must be affirmed, and the    *Exceptions overruled.*

*G. W. Morse*, for the defendant.

*S. H. Dudley*, for the plaintiff.