JOHN E. COTTER *vs.* NATHAN AND HURST COMPANY.

Suffolk.   January 10, 1912. — January 15, 1912.

Present: RUGG, C. J., MORTON, HAMMOND, SHELDON, & DECOURCY, JJ.

*Practice, Civil,* Appeal, Interlocutory order, Report. *Superior Court.*

Under R. L. c. 173, § 96, as amended by St. 1906, c. 342, § 2, and St. 1910, c. 555, § 4, providing for appeals from judgments of the Superior Court, no appeal can be taken before a final judgment.

The only way in which an interlocutory order or decision in an action at law can be brought before this court is by a report of a justice of the Supreme Judicial Court or of the Superior Court under R. L. c. 173, § 105, as amended by St. 1910, c. 555, § 5.

TORT for an alleged malicious prosecution. Writ dated September 20, 1911.

The answer contained a general denial, and the treasurer of the

defendant filed an affidavit under St. 1911, c. 305, stating that in his belief there was no merit in the action, whereupon the clerk of the Superior Court issued an order requiring the plaintiff to show cause why he should not become nonsuit. The defendant gave notice in writing to the plaintiff of such order, and the plaintiff failed to consent to a nonsuit and failed to file an affidavit setting forth the substantive facts upon which he relied. Thereupon the defendant moved that the case be advanced for speedy trial.

The motion was heard by *Hardy,* J., who denied the motion and made a memorandum of decision as follows:

"The plaintiff's counsel came into court at the time of hearing upon said motion and said that the action was upon a claim for malicious prosecution. He also stated that he intended to try the case, that he had a good case for trial. Upon the facts as stated by counsel I found that there was an intention to try the case. In my opinion I thought it was not best, in my discretion, to advance this case for speedy trial before cases that had been pending in court for a considerable time. I ruled as a matter of law that it was a question of discretion rather than a question of absolute duty on my part to advance the case, and I believed that I ought not to exercise my discretion in favor of advancing said case for speedy trial.

"I rule as a matter of law that the defendant, under all the circumstances in this case, has no right to have the case advanced for speedy trial, under the construction of the statute."

The defendant filed the following statement, called on the docket an appeal:

"Now comes the defendant in the above cause, and being aggrieved by the judgment of the court denying the defendant's motion to advance said cause for speedy trial, and by the ruling of the court thereon, being a matter of law apparent on the record in said proceeding, hereby appeals to the Supreme Judicial Court."

*F. H. Stewart, A. P. Gay & A. S. Neal,* for the defendant, submitted a brief.

*C. H. Sprague,* for the plaintiff, submitted the case without argument and without a brief.

Rugg, C. J. It is the settled rule of practice, frequently and uniformly maintained under R. L. c. 173, § 96, as amended by

St. 1906, c. 342, § 2, and St. 1910, c. 555, § 4, and under similar provisions of earlier statutes, that this court has no jurisdiction to consider an appeal until there has been a judgment. *Case* v. *Ladd,* 2 Allen, 130. *Bennett* v. *Clemence,* 3 Allen, 431. *Commonwealth* v. *Gloucester,* 110 Mass. 491, 497. *Marshall* v. *Merritt,* 13 Allen, 274. *Kellogg* v. *Kimball,* 122 Mass. 163. *O'Connell, petitioner,* 174 Mass. 253, 262. See *Brooks* v. *Shaw,* 197 Mass. 376.

The only way in which an interlocutory order or decision in an action at law can be brought to the consideration of the full court is by report of the justice presiding at the trial. R. L. c. 173, § 105, as amended by St. 1910, c. 555, § 5.

*Appeal dismissed.*