### ETHEL C. WELD *vs.* NATHAN D. A. CLARKE.

Middlesex. March 26, 1913. — June 18, 1913.

Present: RUGG, C. J., MORTON, LORING, SHELDON, & DE COURCY, JJ.

*Land Court,* Appeal, Amendment of issues in Superior Court. *Superior Court,* Trial of issues from Land Court. *Supreme Judicial Court. Writ of Entry,* Rents and profits: set-off of improvements. *Words, "Judgment."*

Where, after a trial by jury in the Superior Court of issues framed in the Land Court, the proceedings in the Superior Court have come to an end and a certificate has been sent from the clerk of the Superior Court to the Land Court under R. L. c. 128, § 14, an appeal to this court will lie under St. 1904, c. 448, § 8, (St. 1910, c. 560, § 6,) from an order of the Superior Court allowing a motion to amend one of the issues framed in the Land Court.

Where in a writ of entry brought in the Land Court, one of the issues framed for trial in the Superior Court is to determine the amount of rents and profits for which the tenant is liable, and, although the tenant seasonably has made a claim for improvements, the form of the issue does not make it plain that the tenant is entitled to a set-off for improvements against rents and profits, as provided in R. L. c. 179, §§ 17–27, the judge of the Superior Court before whom the issues are tried properly may allow an amendment of the issue to make plain the right of the tenant to a set-off for improvements.

RUGG, C. J. This is an appeal from an order of the Superior Court allowing a motion to change the issues framed in the Land Court for a trial by jury in the Superior Court. The order was interlocutory in its nature and could not be brought to this

court by appeal until final judgment. *Cotter* v. *Nathan & Hurst Co.* 211 Mass. 31.

A case in the Land Court which goes to the Superior Court on appeal for a jury trial presents a peculiar procedure. St. 1904, c. 448, § 8, which governs the practice in this case (see also St. 1910, c. 560, §§ 6, 8), provides that "Questions of law arising in the Superior Court on such appeal may be taken by any party aggrieved by any opinion, ruling, direction or judgment of the court to the Supreme Judicial Court for revision, in the same manner as in proceedings at law in said Superior Court." There can be no judgment in a proceeding begun in the Land Court, which shall be final in the sense that it disposes of all the issues raised, except in the Land Court. Under the practice as now established by the statutes a jury in the Superior Court is the forum where alone jury trials may be had by appeal in cases pending in the Land Court. The Superior Court has no jurisdiction of such cases except for the ascertainment of facts by jury trial. The word "judgment" however, in the statute authorizing the transfer of questions of law raised in such a trial in the Superior Court directly to this court for determination must contemplate an appeal from an interlocutory judgment among the matters which may be brought directly to this court. No question of law, however, can be brought here from the Superior Court until all other proceedings in that court have come to an end. To that extent the rule of *Cotter* v. *Nathan & Hurst Co.* applies. In the case at bar proceedings had come to a conclusion in the Superior Court and a certificate had been sent by the clerk of the Superior Court to the Land Court under R. L. c. 128, § 14. Hence the case is properly before us.

This is a writ of entry. One of the issues allowed in the Land Court related to the amount of rents and profits for which the tenant was liable. R. L. c. 179, § 21, provides that in writs of entry the jury shall at the same time, when it tries the main issue of fact, determine the amount to be allowed for improvements. The tenant seasonably made a claim for improvements. R. L. c. 179, §§ 17 to 27, both inclusive, have to do with the method of allowing a tenant for improvements. Section 23 provides for a set-off of improvements against rents and profits. It is plain from reading all these sections that where there is no election by

the demandant, as provided in § 28 and following, the question of improvements is to be heard at the same time with that of rents and profits and other damages, and the allowance to be made to the demandant is only of the balance. Apparently during the trial in the Superior Court it was doubtful whether the issue touching the amount of rents and profits, for which the tenant was liable, made plain the allowance to the tenant for improvements as it ought to have done in order to comply with the statutes and do justice between the parties, and on motion the issue was amended so as to make the question plain in this regard. It did not enlarge the issue but merely clarified it. The action of the Superior Court was well within its authority. *Luce* v. *Parsons*, 192 Mass. 8.

*Judgment affirmed.*

The case was submitted on briefs.

*J. C. Batchelder*, for the tenant.

*J. Bennett*, for the demandant.