HENRY S. ROWE, executor, *vs.* ELLEN F. COLLAMORE & others.

Middlesex.　　January 19, 1921. — March 3, 1921.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & JENNEY, JJ.

*Supreme Judicial Court,* Framing of issues on probate appeal. *Probate Court, Appeal. Jurisdiction. Will,* Validity. *Undue Influence. Evidence,* Competency.

Upon an appeal from a decree of the Probate Court allowing a will, a single justice of the Supreme Judicial Court made an order as to issues to be tried by a jury in the Superior Court, framing as a first issue, whether the will was procured to be executed "by the undue influence of" one, named by the twenty-second paragraph as the residuary legatee and by the twenty-third paragraph as executor, and his wife, "or either of them," and continuing: "It is further ordered that if at the trial of the above issue evidence is introduced by the appellants which entitles them to go to the jury on the following issue, to wit: '(2) Was the instrument propounded for probate . . . procured to be executed in whole or in part by the undue influence of . . . [the same persons as those named in the first issue] . . . or either of them, and if in part, what part?' said issue is allowed and is to be submitted to the jury at the trial of the first issue above set forth." *Held,* that

(1) In substance and effect, the order directed the trial of the two issues in the Superior Court and did nothing more;

(2) It would not have been possible for the single justice of the Supreme Judicial Court by the form of the order to have conferred upon the Superior Court any powers or jurisdiction discretionary or otherwise not conferred upon it by law;

(3) It must be presumed that, in framing the second issue, the single justice was satisfied in his own mind, upon the representations made or the evidence produced to him, that there was to be tried a genuine and doubtful question of fact of the nature there outlined, supported by evidence of a substantial nature.

At the trial of an issue, whether the will of a woman was procured to be executed in whole or in part by the undue influence of one who in its twenty-second paragraph was made residuary legatee and in its twenty-third paragraph was named as executor, or of his wife or of either of them, "and if in part, what part," there was evidence tending to show that the testatrix, when she made her will,

was seventy-seven years of age, without business experience and having "no business head," that comparatively simple investments of her estate seemed to her complicated, that she trusted him whom she named as executor implicitly and gave him a power of attorney to manage her property, that he made investments without consulting her, she not even having a schedule of her property or knowing of what securities it consisted; that in submitting to her an estimate of her estate at the time and for the purpose of testamentary disposition, he understated it by several thousand dollars; that she hesitated to ask him about her property, and that in these and in other respects he failed to exercise the candor and scrupulous attention to accuracy required of one occupying the position which he did in her trust and confidence. *Held,* that a finding was warranted that the clauses appointing the executor and making him residuary legatee were procured to be executed by undue influence on his part.

It appeared that the executor above described, in reply to interrogatories proposed to him by the appellant as to the amount which the testatrix had received from the estate of her father, had answered without objection by referring the interrogator to the probate records for information. At the trial the appellant offered and the trial judge admitted an account of the executor as executor of the will of the testatrix's father, showing the distribution of that estate. *Held,* that the admission was within the discretionary power of the trial judge.

APPEAL from a decree of the Probate Court of the county of Middlesex allowing the will of Ellen V. Pierce, late of Somerville.

In the Supreme Judicial Court, upon motion of the appellants and by order of *Loring,* J., issues were framed for trial by a jury in the Superior Court, as described in the opinion. The issues were tried before *Cox,* J. Material evidence is described in the opinion. At the close of the evidence, the executor requested the judge to rule and to instruct the jury as follows:

"1. The evidence does not warrant a finding by the jury that the instrument purporting to be the last will and testament of Ellen V. Pierce was procured in the whole or in part by the fraud or undue influence of Henry S. Rowe or Lizzie N. Rowe, or either of them.

"2. The only issue that a justice of the Superior Court is authorized by the order of the Supreme Court of Probate to submit to a jury is the issue as to whether the instrument purporting to be the will of Ellen V. Pierce was in whole procured by the fraud and undue influence of Henry S. Rowe, or Lizzie N. Rowe, or either or both of them.

"3. The Supreme Court of Probate cannot delegate its authority to the Superior Court or a justice thereof to exercise any discretionary power in reference to an issue or issues to be sub-

mitted to a jury in reference to the probate of an alleged will of a deceased person.

"4. The only power of jurisdiction that the Superior Court has in this suit is to submit to the jury for its answer, such questions of fact as have been ordered by the Supreme Court of Probate and certify to the Supreme Court of Probate the answer or answers of the jury thereto."

The requests were refused. The jury's answers to the issues are stated in the opinion. The executor alleged exceptions.

Henry S. Rowe, named as executor by the twenty-third clause of the will, was a nephew of the testator. By the second paragraph of the will, he was given all of the testatrix's "furniture, books, pictures, clothing, ornaments, silverware, jewelry and all other personal effects of every kind and nature;" by the twenty-second paragraph he was made residuary legatee, and by the twenty-third paragraph he was named executor without being required to furnish a surety or securities on his official bond. His wife, Lizzie N. Rowe, was given $2,000 under the third paragraph, and, in case her husband did not survive the testatrix, was to receive the property given to him by the second paragraph and one half of the residue given to him by the twenty-second paragraph, and under the twenty-third paragraph was to be appointed executrix, or administratrix *de bonis non* with the will annexed in case by reason of his death, resignation or other cause he should "be unable to perform said trust and make a final settlement of said estate as executor."

The appellants were Ellen F. Collamore, a niece of the testator, to whom was given a legacy of $1,000; Marietta P. Emery, a niece, to whom was given a legacy of $1,000; Emma F. Jones, a niece, to whom was given a legacy of $1,000; Addie W. Hall, a niece, to whom was given a legacy of $2,000; Job Temple, a nephew, to whom was given a legacy of $2,500, and Eugene P. Temple, a nephew, to whom was given a legacy of $2,500.

*S. M. Child,* for the executor.

*C. H. Waterman,* for the appellants.

RUGG, C. J. This is an appeal from a decree of the Probate Court allowing the will of Ellen V. Pierce. Issues were framed in this court and ordered tried by a jury at the bar of the Superior Court. The order of the single justice framed the first issue in

the usual form as to procurement of the execution of the will "by the undue influence of Henry S. Rowe or Lizzie N. Rowe, or either of them." The order then proceeded in these words: "It is further ordered that if at the trial of the above issue evidence is introduced by the appellants which entitles them to go to the jury on the following issue, to wit: ' (2) Was the instrument propounded for probate as the last will and testament of Ellen V. Pierce procured to be executed in whole or in part by the undue influence of Henry S. Rowe and Lizzie N. Rowe, or either of them, and if in part, what part?' said issue is allowed and is to be submitted to the jury at the trial of the first issue above set forth, and the answer to said issue, if it is submitted to the jury aforesaid, is to be certified to the Supreme Judicial Court for the County of Middlesex." In substance and effect this was the same as if the two issues had been ordered tried, and nothing more had been in the order. The case then would have gone to trial. At the close of the evidence it would have been the duty of the judge to order the second issue answered in the negative unless there was evidence sufficient to support an affirmative answer. The order, although quite unusual, really did this and nothing more. It would not have been possible for the single justice by the form of the order to have conferred upon the Superior Court any power or jurisdiction discretionary or otherwise not conferred upon it by law. The single justice under the well established practice of this court would not have framed the second issue unless he had been satisfied in his own mind, upon the representations made or the evidence produced to him, that there was to be tried a genuine and doubtful question of fact of the nature there outlined, supported by evidence of a substantial nature. He must have been assured of the existence of evidence of facts presenting a real and genuine question proper for judicial inquiry, and that the request for that issue was not unfounded in law and did not rest "on the disappointment or anger of a dissatisfied heir or on his hope by threatening trouble and expense to the estate, to induce the legatees to buy a settlement." It must be presumed that that practice was followed in the framing of issues in the case at bar. The apparently conditional form of the order may have been intended to direct the attention of the Superior Court judge presiding at the trial to its practical conduct and the pro-

priety of letting the second issue go to the jury only in the event that there was some evidence to support an affirmative answer.

The second issue, although proper in form, *Old Colony Trust Co.* v. *Bailey,* 202 Mass. 283, has been found by experience to be required in rare instances, when the parts of the will are very separate and distinct from other parts of the will, and when all the circumstances seem to require it in order that justice may be done. The form of the order accentuates these considerations. The order as made, although rare, finds a slight parallel in *Shailer* v. *Bumstead,* 99 Mass. 112, 131. That case, however, was tried before a justice of this court who had co-ordinate control over the issues with the justice who framed them. Some discretion as to the form of issues, though not as to their substance, is vested in the trial court. See, in this connection, *Dresser* v. *Dresser,* 181 Mass. 93; *Luce* v. *Parsons,* 192 Mass. 8, 11; *Pollard* v. *Ketterer,* 221 Mass. 317, 321; *Weld* v. *Clarke,* 215 Mass. 324, 326. The issues commonly allowed in will cases are so thoroughly well settled, both as to form and substance, that there hardly can be much scope for the exercise of discretion in this particular.

The jury answered to the first issue, "No," and to the second, "Yes, clauses twenty-second and twenty-third." These two clauses in effect gave the residue of the estate to Henry S. Rowe and appointed him executor of the will. The principles of law respecting procurement of the execution of a will by undue influence have been recently stated with fullness accompanied by ample reference to the authorities, and need not be repeated. *Neill* v. *Brackett,* 234 Mass. 367, 369, 370. Guided by those principles, it cannot be said as matter of law that the finding is unsupported. There was evidence tending to show that the testatrix was seventy-seven years old when the will was executed, without business experience and having "no business head," to whom the comparatively simple investments of her estate seemed complicated, that she trusted Rowe implicitly and gave him a power of attorney to manage her property, that he made investments without consulting her, that she did not have a schedule of her property or know of what securities it consisted, that in submitting to her an estimate of her estate at the time and for the purpose of testamentary disposition, he understated it by several thousand dollars, that she hesitated to ask him about her

property; and that in these and other respects he failed to exercise the candor and scrupulous attention to accuracy required of one occupying the position which he did in her trust and confidence. There was much evidence of a contrary nature. With its weight we have nothing to do. Without narrating the testimony in further detail, it is enough to say that the answer of the jury finds some support.

The extent of the estate of the testatrix and the knowledge of Rowe concerning it, and his relations to it, were important matters at the trial. To an interrogatory as to the amount which the testatrix had received from her father, Rowe had answered without objection by referring the interrogator to the probate records for the information. Under these circumstances it cannot be said to be reversible error to have admitted the account of Rowe as executor of the will of the father of the testatrix. Something must be left to the discretion of the trial judge in such a matter. There is nothing inconsistent with this in *Tarbell* v. *Forbes,* 177 Mass. 238, where under different conditions such an account was held to have been excluded rightly. *Dunham* v. *Holmes,* 225 Mass. 68, 74.

No exception was saved to the introduction of the copy of the account of Rowe as executor of the will of Mary F. Bryant. Without pursuing other exceptions to evidence in detail, they disclose no reversible error.

*Order for issues to jury affirmed.*
*Exceptions overruled.*