EVELYN ALVES *vs.* THEODORE T. PICARD.

Bristol.   October 28, 1957. — February 27, 1958.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN, & WHITTEMORE, JJ.

*Negligence*, Motor vehicle, Contributory.   *Practice, Civil*, Appellate Division: appeal, decision.

An appeal from a decision by the Appellate Division of a District Court ordering a new trial was not from a final decision and was of no effect. [78]

An appeal from a final decision by the Appellate Division of a District Court, ordering dismissed a report of a second trial of an action had in accordance with its previous decision ordering a new trial, brought to this court for review both the first and the second decisions. [78-79]

Evidence that while driving an automobile the plaintiff turned to her left and attempted to overtake the defendant's automobile ahead when she saw or should have seen that it was about to turn to its left warranted a finding that negligence of the plaintiff contributed to a collision of the two automobiles resulting when the defendant, without giving any signal, turned to his left to enter a driveway. [79]

TORT.   Writ in the Third District Court of Bristol dated January 12, 1952.

The action was heard by *Potter*, J.

*George J. Remmert*, for the defendant.

*John B. Nunes*, for the plaintiff, submitted a brief.

WILLIAMS, J.   This is an action of tort to recover damages for injuries to the plaintiff's automobile.   Contributory negligence of the plaintiff is pleaded in the defendant's answer. The judge found that on the morning of June 25, 1951, the

plaintiff was driving her sedan south on Bolton Street in New Bedford. The street was five or six "car-widths" wide and automobiles were parked on both sides. The defendant was also driving his automobile south on Bolton Street two or three "car-lengths" ahead of the plaintiff at a speed of about ten miles an hour. There was an entrance to the premises of the Gosnold Manufacturing Corporation on the easterly side of Bolton Street into which the defendant intended to turn. "The plaintiff had tried to pass the defendant several times, and when a short distance from the Gosnold entrance she turned to her left intending to pass the defendant, and at about the same time the defendant, without giving any signal or warning, turned to his left . . . and came in contact with the plaintiff's car at a point near the north line of the entrance to the Gosnold plant. The left front fender of the car of the defendant came in contact with the right front fender of the plaintiff's car and both came to a standstill on the east side of the street about parallel and at a slight angle to the left. The first the plaintiff knew about the collision was when she heard a scraping sound when she turned further to the left." The judge found for the defendant stating that "On all of the evidence I find that while the defendant was negligent there was some negligence on the part of the plaintiff."

A motion by the plaintiff for a new trial was denied. On report to the Appellate Division it was decided that there was prejudicial error by the judge in granting the defendant's third request for a ruling, namely that the "evidence warrants a finding that the plaintiff was negligent." It was ordered that the "judgment" for the defendant be vacated and that there be a new trial but only on the question of damages. The defendant appealed. On a new trial held in pursuance of the order of the Appellate Division the judge found for the plaintiff. Thereafter a report to the Appellate Division at the request of the defendant was ordered dismissed and the defendant again appealed. The appeal from the decision of the Appellate Division ordering a new trial was not from a final decision and was of no effect but the sec-

ond appeal brings here for review both the first and the second decisions. *Weiner* v. *Pictorial Paper Package Corp.* 303 Mass. 123. The sole issue before us arising from the first decision is, as conceded by the plaintiff in her brief, whether there was evidence of her contributory negligence.

The conclusion of the judge was based upon all of the evidence. It appears that, in addition to the special findings of the judge which have been recited, there was evidence narrated in his report that the "defendant had started to turn about two car lengths before he came opposite the said north line entrance or driveway to said [Gosnold] yard." From this evidence it could be found that the plaintiff attempted to pass when she saw or should have seen that the defendant was turning to his left. Taking into consideration the width of the street open to travel, the location of the entrance to the yard on the left, the slow rate of speed at which the defendant was proceeding, and the distance from the point of collision where he started to turn, there was no error in ruling that a finding of contributory negligence was warranted. See *Clay* v. *Pope & Cottle Co.* 273 Mass. 40; *Wood* v. *Sabins*, 289 Mass. 299; *Beach* v. *Minkley*, 302 Mass. 228.

The first decision of the Appellate Division was therefore erroneous and should be reversed. It follows that its order dismissing the second report should also be reversed. Judgment is to be entered for the defendant upon the finding made at the first trial.

*So ordered.*