MALVIN M. POLLACK *vs.* MARY KELLY.

Essex.    April 6, 1977. — May 2, 1977.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, WILKINS, & ABRAMS, JJ.

*Practice, Civil,* Review of interlocutory action, Appeal.

An order overruling a demurrer to a declaration is not appealable before the action is tried. [470-475]

An order of an Appellate Division of the District Courts dismissing a report of an interlocutory matter is not appealable to this court. [475-477]

An order overruling a demurrer to a declaration is not appealable to an Appellate Division of the District Courts before the action is tried. [477]

CONTRACT. Writ in the Central District Court of Northern Essex dated February 11, 1974.

The action was heard by *Tiffany,* J., on demurrer.

*Max Nicholson* for the defendant.

*Herbert W. Finbury,* for the plaintiff, submitted a brief.

QUIRICO, J.    This is an action of contract by which the plaintiff seeks to recover a balance of $970 allegedly for dental services rendered by him to the defendant at various dates in 1972. The action was entered in the Central

Pollack *v.* Kelly.

District Court of Northern Essex, in Haverhill, on March 11, 1974. The plaintiff's declaration stated each date on which he treated the defendant, the nature of the treatment rendered on each date and the amount due therefor, the various payments made by the defendant on account and the date of each payment, and the balance of $970 due. The defendant demurred to the declaration for the several grounds set forth in the margin.[1] The demurrer was heard by a judge of the District Court on September 27, 1974, and overruled by him on October 4, 1974. The defendant requested a report of that ruling to the Appellate Division of the District Courts, Northern District, which, after hearing the parties, concluded that the plaintiff's declaration was legally sufficient and, on April 14, 1975, ordered the report dismissed.

The case is now before us on the defendant's attempted appeal from the decision and order of the Appellate Division dismissing her report. We conclude, on the basis of the discussion which follows, that the appeal is not properly before us and that it should be dismissed without considering the sufficiency of the plaintiff's declaration.

1. For reasons which we are unable to discern, litigants continue to besiege this court with premature requests for appellate review of interlocutory rulings or orders of trial judges. Clearly it is not because of any failure by this court to restate and apply "the general rule of practice so early announced, so frequently reiterated and so constantly followed, and so manifestly in the interest of parties litigant and the general public, as the rule that . . . [interlocutory rulings] will not be considered until the case is ripe for

---

[1] "1. The declaration does not set forth a cause of action substantially in accordance with the laws of this Commonwealth, particularly with reference to . . . [G. L. c. 231, § 7, cl. 2].

"2. The declaration is a count on an account annexed and there is no proper Bill of Particulars filed with the writ when entered as required by . . . [G. L. c. 231, § 14].

"3. The account annexed in the plaintiff's declaration which furnishes the functions of a Bill of Particulars is defective because it states nothing to enable the Judge and the defendant to understand the nature of the claim."

final judgment." *Weil* v. *Boston Elevated Ry.*, 216 Mass. 545, 549 (1914). Nor is it because of any suggestion by this court which could be understood to indicate any intention to depart from that rule. On the contrary, "[w]e have consistently rejected attempts to obtain piecemeal appellate review by the full court of interlocutory matters not reported by the judge making the interlocutory ruling, order, or decision, and we have done so without regard to whether the review was sought on the stated basis of statutes (see G. L. c. 231, §§ 117, 118) relating to temporary appellate relief from interlocutory matters, on the basis of the new Massachusetts Rules of Appellate Procedure (see Mass. R. A. P. 6, 365 Mass. 848 [1974]), by way of a complaint requesting the exercise of our power of superintendence under G. L. c. 211, § 3, or by way of a complaint seeking the removal of an action from another court to this court under our power of removal under G. L. c. 211, § 4A." *Kargman* v. *Superior Court*, 371 Mass. 324, 329-330 (1976). To that statement we now add that the result must and will be the same when the route by which appellate review of the interlocutory matter is sought is by the attempted perfecting of an appeal therefrom and its argument in this or any other appellate court before the entry of judgment in the case on the merits.[2] A reading of the following decisions will demonstrate the extent to which this court has been needlessly burdened in the last few years by these foredoomed, and therefore futile and unsuccessful, premature attempts to obtain appellate review of interlocutory matters. *Cappadona* v. *Riverside 400 Function Room, Inc.*, ante, 167, 170 (1977). *Kargman* v. *Superior Court*, 371 *Mass.* 324, 329-330 (1976). *Corbett* v. *Kargman*, 369 Mass. 971 (1976). *Rollins Environmental Servs. Inc.* v. *Superior Court*, 368 Mass. 174, 177-179 (1975). *Albano* v. *Jordan Marsh Co.*, 367 Mass. 651, 654-655 (1975). *For-*

---

[2] The words "before the entry of judgment in the case on the merits" apply to a case governed by the Massachusetts Rules of Civil Procedure, 365 Mass. 730 (1974). In a case arising before those rules took effect, the words would instead be "before the case is ripe for final judgment."

*eign Auto Import, Inc.* v. *Renault Northeast, Inc.,* 367 Mass. 464, 467-471 (1975). *Giacobbe* v. *First Coolidge Corp.,* 367 Mass. 309, 312 (1975). *Orasz* v. *Colonial Tavern, Inc.,* 365 Mass. 131, 137-140 (1974).

2. Parallel to the development of the basic rule that interlocutory matters are not subject to appellate review until the entire case is ripe for final judgment, and perhaps as a part of the same rule, there also developed a body of law, posited at least in part on statutes, to the effect that an order overruling a demurrer was not subject to appellate review until the case was in all other respects ripe for final disposition in the trial court. For a history of appeals from orders disposing of demurrers, and in particular the history of statutes relating thereto, see *Keljikian* v. *Star Brewing Co.,* 303 Mass. 53, 57-61 (1939).

In *Bennett* v. *Clemence,* 3 Allen 431 (1862), the plaintiff sought appellate review of an order overruling a part of his demurrer to the defendant's answer. He did so in reliance on Gen. Sts. (1860) c. 114, § 10, which provided, "A party aggrieved by a judgment founded upon matter of law apparent on the record, in any proceeding, civil or criminal ... [with exceptions not here material] may appeal therefrom to the supreme judicial court." The court in *Bennett* v. *Clemence, supra* at 432, acknowledged that "[a] judgment overruling or sustaining a demurrer is a judgment founded upon matter of law appearing on the record," but it nevertheless pointed out that "[i]t has been repeatedly held by this court that questions of law arising in cases pending in ... [the superior] court cannot be brought here, until the case is finally disposed of there, either by judgment or verdict, and several cases have been sent back on that ground." The appeal was dismissed.

In *Kellogg* v. *Kimball,* 122 Mass. 163, 164 (1877), where the trial judge overruled the defendant's demurrer to two of the three counts in the plaintiff's declaration, the defendant appealed therefrom. The judge ordered the case to trial notwithstanding the appeal. This court said: "In this state of the pleadings, ... [t]he court correctly ruled that the case should proceed to trial. The rulings upon the

demurrers were interlocutory, and could not be brought to this court for decision until the case had been tried."

In *O'Connell, petitioner,* 174 Mass. 253, 262 (1899), this court said, as dictum, "The order overruling the respondent's demurrer to the charges was not in terms appealed from. If it had been, the appeal could not have been heard in this court until after the decision of the case upon the merits," citing the *Bennett* and *Kellogg* cases, both *supra,* as authority therefor.

By St. 1918, c. 257, § 432, the statute then applicable to appeals from orders on demurrers, R. L. (1902) c. 173, § 96, was amended to read in pertinent part as follows: "A party who is aggrieved by any order of the superior court sustaining or overruling a demurrer which alleges that the facts stated in the pleadings demurred to do not in law support or answer the action . . . may appeal therefrom to the supreme judicial court; *but . . . no appeal or exception shall be entered in the supreme judicial court until the case is in all other respects ripe for final disposition by the superior court*" (emphasis supplied). The addition of the new language underscored above had the effect of "convert[ing] what was formerly 'a rule of practice established by the court' into a rule of statutory law, compliance with which is a prerequisite to jurisdiction in this court." *Driscoll* v. *Battista,* 311 Mass. 372, 373 (1942). See *Allon Textile, Inc.* v. *Bates,* 358 Mass. 526, 528 (1970). Cf. *Cotter* v. *Nathan & Hurst Co.,* 211 Mass. 31, 33 (1912). That language continued to be a part of the statute, and of its successor statute, G. L. c. 231, § 96, until July 1, 1974, when § 96 was amended in material respects by St. 1973, c. 1114, § 193, to conform to the new Massachusetts Rules of Civil Procedure, 365 Mass. 730 (1974), and the Massachusetts Rules of Appellate Procedure, 365 Mass. 844 (1974).

Because the order overruling the defendant's demurrer was entered on October 4, 1974, the procedure for appellate review thereof is governed by the new rules. Mass. R. A. P. 1A, 365 Mass. 845 (1974). However, that does not change the result. "Whether governed by the former law or by the more recent Massachusetts Rules of Civil Proce-

dure and Massachusetts Rules of Appellate Procedure a litigant is not entitled to piecemeal appellate review of unreported[3] interlocutory orders or rulings of a trial judge by the full court of this court or of the Appeals Court." *Albano* v. *Jordan Marsh Co.,* 367 Mass. 651, 654 (1975). Those rules did not change "the previous settled law that unless a judge making an interlocutory order reports[3] it to an appellate court for review, the order is not subject to appellate review until the case is in all other respects ripe for final disposition in the trial court." *Rollins Environmental Servs. Inc.* v. *Superior Court,* 368 Mass. 174, 178 (1975).

The statement by counsel for the defendant in oral argument that he found many decisions by this court granting appellate review of orders sustaining demurrers to declarations but that he found none granting such review of orders overruling demurrers is quite understandable. This court has held in numerous decisions that if an order sustaining the demurrer denies the plaintiff leave to amend, or if the plaintiff elects not to amend but to rely on his declaration, the order on the demurrer is appealable. Some of these decisions are cited in the margin.[4] On the other hand, we

---

[3] The words "unreported" and "reports" as used here do not refer to reports made by judges of District Courts to the Appellate Division of the District Courts under G. L. c. 231, § 108, at the request of aggrieved parties. The right of an aggrieved party to appellate review of District Court rulings is preserved by the process of filing written requests for reports, submitting draft reports, and establishing or disallowing the report. G. L. c. 231, § 108. E.g., *Barton* v. *Cambridge,* 318 Mass. 420 (1945); Dist. Mun. Cts. R. Civ. P. 64 (a), (b), (c), (e) (1975). This right must be distinguished from the very different voluntary power of a District Court judge to report a question of law to the Appellate Division. *Krock* v. *Consolidated Mines & Power Co.,* 286 Mass. 177, 179 (1934). See Dist. Mun. Cts. R. Civ. P. 64 (d) (1975). This latter power, referred to in the text above, is also conferred by G. L. c. 231, § 108, and resembles the voluntary report of questions of law by the Superior Court and other courts under G. L. c. 231, § 111. The use of the single word *report* for these two contexts may have occasioned some of the confusion in this case.

[4] *Amherst & Belchertown R.R.* v. *Watson,* 4 Gray 61, 62 (1855). *Cosmopolitan Trust Co.* v. *S.L. Agoos Tanning Co.,* 245 Mass. 69, 71 (1923). *Canning* v. *Shippee,* 246 Mass. 338, 339 (1923). *Morrill* v. *Crawford,* 278 Mass. 250, 252 (1932). *Peck* v. *Wakefield Item Co.,* 280

are not aware of any decision in which we have held that an order overruling a demurrer to a declaration is appealable before the action is tried or otherwise in order for disposition by the trial court.

3. Our discussion to this point has concentrated on the question whether interlocutory matters arising in a trial court are subject to appellate review by this court before the prosecution of the case to a conclusion in the trial court. However, this discussion would not be complete unless we noted that at all times since the establishment of the Appellate Division in the Municipal Court of the City of Boston by St. 1912, c. 649, § 8, and in the District Courts by St. 1922, c. 532, § 8 (see now G. L. c. 231, §§ 108-110), this court has applied the same rule to interlocutory rulings by those Appellate Divisions. The interlocutory rulings involved were usually in the form of orders remanding cases to the Municipal or District Courts for new trials. All of the attempts, and there have been many, to have this court review such orders before returning the case to the trial court have been rejected as premature.

It seemed reasonable to hope, and further to expect and conclude, that this issue was disposed of with finality in the first such case to reach this court on an attempted appeal from an order of an Appellate Division that a case be retried in the Municipal Court. That case was *Real Property Co.* v. *Pitt,* 230 Mass. 526, 527-529 (1918), where the court said: "The right to appeal directly to this court from the Appellate Division is created by St. 1912, c. 649, § 9. By its terms such appeal lies only 'from the final decision of the Appellate Division.' It becomes necessary to define the words 'final decision' in this connection. The natural import of that expression is a determination which puts an end to litigation. A 'final decision' by the ordinary and approved usage of the language as applied to an action at

Mass. 451, 453 (1932). *Gallo* v. *Foley,* 299 Mass. 1, 3 (1937). *Jacobs* v. *Mann,* 300 Mass. 258 (1938). *Clement* v. *Selectmen of Westwood,* 316 Mass. 481 (1944). *Flower* v. *Suburban Land Co.,* 332 Mass. 30, 31 (1954).

Pollack *v.* Kelly.

law means a decision which leaves nothing more open to dispute and which sets controversy at rest. It seems plain that the general court used the words in that sense in this statute. Parties litigant have never been given the right to enter in this court exceptions or appeals relating to interlocutory matters until the case is ripe for final disposition in the court where it is pending.... The words 'final decision' in this statute are not rationally susceptible of meaning any· decision made by the Appellate Division which is final so far as concerns its action upon the record before it, but which is not final as to the merits of the controversy. The finality of the decision, which is the foundation of an appeal to this court, does not relate to the determination of the Appellate Division upon a particular aspect of the case presented to it, but to its effect upon the issues raised in the case. The test of the finality of a decision is whether it terminates the litigation on its merits, directs what judgment shall be entered, and leaves nothing to the judicial discretion of the trial court, and not whether it is the last word of the Appellate Division on the particular aspect of the litigation at the moment pending before it, directing additional proceedings before the trial judge in order that a final conclusion may thereafter be reached.... It is too plain for discussion that it is in the interests of speedy and just determination of controversies that parties should not have the right to come to the full court except for the purpose of settling doubtful questions of law which are likely to be final and decisive respecting the particular cause." The court then concluded "that the decision in the case at bar, from which the appeal was taken, was not a 'final decision' from which alone appeal lies to this court; and without making any intimation as to the correctness of the ruling made, the entry must be *Appeal dismissed.*"

Despite that very clear statement, which has never been questioned, criticized, or reversed, identical appeals have continued and still continue to be˙ entered in this court. The following are examples. *Matson* v. *Sbrega,* 250 Mass. 138, 139-140 (1924). *Beacon Tool & Mach. Co.* v. *National*

*Prods. Mfg. Co.,* 252 Mass. 88, 91 (1925). *Endicott John-son Corp.* v. *Hurwitz,* 284 Mass. 378, 381 (1933). *Cunniff* v. *Cleaves,* 288 Mass. 325 (1934). *Robinson* v. *Wm. Brown & Sons Co.,* 301 Mass. 316 (1938). *Weiner* v. *Pictorial Paper Package Corp.,* 303 Mass. 123, 125-129 (1939). *Acushnet Hosp. Ass'n* v. *Acushnet,* 318 Mass. 781 (1945). *Via* v. *Asbestos Textile Co.,* 335 Mass. 210, 212 (1957). See *Alves* v. *Picard,* 337 Mass. 77, 78-79 (1958).

Nothing contained in this opinion is intended to apply to decisions by the Appeals Court with respect to the question whether they may be the subject of further appellate review although they may not be "final decisions" within the meaning of those words as defined in the decision in the *Real Property Co.* case, *supra.*

4. The defendant was entitled to question the legal sufficiency of the plaintiff's declaration by demurrer, and she did so. The demurrer was overruled and the case was then in order for trial on the merits. The defendant instead appealed the ruling on the demurrer to the Appellate Division. For substantially all of the same reasons which we have discussed above as the basis for our conclusion that the defendant's appeal to this court is premature and not properly before us, her appeal to the Appellate Division was also premature. The plaintiff has now been delayed more than three years in obtaining a trial on his claim. The two premature attempted appeals have produced nothing for the defendant, and the resulting delay to the plaintiff can serve no purpose but to contribute to the loss of confidence in the courts as the avenue for adjudication of private disputes with reasonable dispatch. The continued use of such delaying tactics in the face of settled law against the presentation of interlocutory appeals may result in sanctions[5] against offenders in appropriate cases in the future.

5. The defendant's appeal is dismissed with double costs to the plaintiff. We make no intimation as to the correct-

---

[5] See, e.g., G. L. c. 231, §§ 6E-6G, inserted by St. 1976, c. 233, § 1.

ness of the order of the District Court in overruling the demurrer or of the order of the Appellate Division dismissing the defendant's report.

*So ordered.*