RITA V. BROOKSBANK & another[1] vs. SIDNEY EPSTEIN, trustee.

Hampden.    April 15, 1977. — May 31, 1977.

Present: HALE, C.J., GOODMAN, & BROWN, JJ.

*Practice, Civil,* Review of interlocutory action, Appeal.

A decision of the Superior Court ordering a new trial pursuant to Mass.R.Civ.P. 59(a) was not a "final judgment" and an appeal from it to this court was therefore dismissed. [378-379]

TORT.    Writ in the Superior Court dated June 26, 1972. The action was tried before *Griffin, J.*

*Morton S. Sweeney (Patricia A. Bobba* with him) for the defendant.

*Gerard L. Pellegrini (Seymour Tillman* with him) for the plaintiffs.

HALE, C.J.    This is an action in the Superior Court to recover damages for personal injuries allegedly sustained by Rita V. Brooksbank (plaintiff) in a fall upon property owned by the defendant.[2] The jury returned a verdict for the plaintiff on count 1 of the declaration and awarded her $1,750 damages; they awarded her husband $3,600 consequential damages on count 2. On the plaintiffs' motion for a new trial pursuant to Mass.R.Civ.P. 59(a),[3] 365 Mass. 827 (1974), the judge ordered the verdict on count

---

[1] John J. Brooksbank.

[2] The case was entered on September 5, 1972, and the trial was held on June 18, 1975.

[3] In pertinent part Mass.R.Civ.P. 59(a) provides: "A new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the Commonwealth .... A new trial shall

set aside and granted a new trial limited to damages unless within ten days of the entry of the order the defendant should agree to an addition of $22,500 to the verdict, to bring the total award to $24,000. The addition was not accepted. The motion was denied as to count 2.

The defendant has appealed from the allowance of this motion as to count 1, as well as from the denial of his motions for a directed verdict and for judgment notwithstanding the verdicts.

The defendant's appeal is not properly before this court.[4] Massachusetts Rule of Civil Procedure 54 (a), 365 Mass. 820 (1974), defines a "final judgment" (see G. L. c. 231, § 113, as appearing in St. 1973, c. 1114, § 202) as "... the act of the trial court finally adjudicating the rights of the parties affected...." An order granting a new trial pursuant to Mass.R.Civ.P. 59 is purely interlocutory and not a final judgment from which an appeal may be immediately entered in this court. *Weiner* v. *Pictorial Paper Package Corp.* 303 Mass. 123, 125-127 (1939). *Via* v. *Asbestos Textile Co. Inc.* 335 Mass. 210, 212 (1957). *Alves* v. *Picard*, 337 Mass. 77, 78-79 (1958). *Compagnie Nationale Air France* v. *Port of New York Authy.* 427 F. 2d 951, 954 (2d Cir. 1970). *General Motors Corp.* v. *Lord*, 488 F. 2d 1096, 1098-1099 (8th Cir. 1973). "While many of the questions of law decided by this court on appellate review arise from interlocutory rulings or decisions of trial judges, it has long been our general 'rule of practice established in the interests of justice' (*Weil* v. *Boston Elev. Ry.* 216 Mass. 545, 548 [1914]), that, absent special authorization, such interlocutory rulings or decisions cannot be presented piecemeal to this court for appellate review. They may be pre-

not be granted solely on the ground that the damages are inadequate until the defendant has first been given an opportunity to accept an addition to the verdict of such amount as the court adjudges reasonable."

[4] The case is not before us on report. Mass.R.Civ.P. 64, 365 Mass. 831 (1974). *Panesis* v. *Loyal Protective Life Ins. Co., ante,* 66, 75-76 (1977).

sented only as a part of the ultimate appellate review available on completion of proceedings in the trial court." *Giacobbe* v. *First Coolidge Corp.* 367 Mass. 309, 312 (1975). *Pollack* v. *Kelly*, 372 Mass. 469, 470-472 (1977).

*Appeal dismissed with double costs.*