ELIZABETH DEMIRDJIAN *vs.* STAR MARKET Co.  October 31, 1980.  This is an action of tort in which the plaintiff claims that she was injured by a fall in premises negligently maintained by the defendant.  At the trial in a District Court the judge found for the plaintiff and assessed damages in the amount of $11,030, and entered a judgment accordingly.  The defendant requested a report of rulings of law to the Appellate Division of the District Court, Northern District.  See G. L. c. 231, § 108.  The Appellate Division, after hearing, concluded that there was an evidentiary error which related to the issue of damages, and remanded the action for

---

a new trial limited to damages. The defendant filed a notice of appeal from the order of the Appellate Division.

The record did not indicate that the new trial had been held, and at oral argument we learned that the matter had not been retried. There is, therefore, no final decision and the appeal must be dismissed. "The finality of the decision, which is the foundation of an appeal to this court, does not relate to the determination of the Appellate Division upon a particular aspect of the case presented to it, but to its effect upon the issues raised in the case. The test of the finality of a decision is whether it terminates the litigation on its merits, directs what judgment shall be entered, and leaves nothing to the judicial discretion of the trial court, and not whether it is the last word of the Appellate Division on the particular aspect of the litigation at the moment pending before it, directing additional proceedings before the trial judge in order that a final conclusion may thereafter be reached." *Real Property Co.* v. *Pitt*, 230 Mass. 526, 528 (1918). An "appeal from the decision of the Appellate Division ordering a new trial was not from a final decision and [is] of no effect . . . ." *Alves* v. *Picard*, 337 Mass. 77, 78 (1958). Accord, *Pupillo* v. *New England Tel. & Tel. Co.*, ante 714 (1980); *Pollack* v. *Kelly*, 372 Mass. 469, 475-477 (1972), and cases cited.

The defendant's appeal is dismissed with double costs to the plaintiff.[1]

*Appeal dismissed.*

*James J. Walsh* for the defendant.
*John P. Fadden, Jr.* (*Richard Walsh* with him) for the plaintiff.

---

[1] We intimate no view as to the correctness of the decision of the Appellate Division.