AVNER FRIEDMAN & another *vs.* C. JOHN COSTELLO, trustee. December 9, 1980. This is a case in which the defendant landlord failed to return or account for any portion of the tenants' security deposit within thirty days of the expiration of the tenancy (on June 30, 1978) and continued to hold the deposit until September 1, 1978. There was nothing ambiguous about the words "all security deposits held by a lessor on [September 1, 1978]" as they were employed in the first clause of St. 1977, c. 979, § 4, and in the second sentence of St. 1978, c. 553, § 3. See and compare *New England Medical Center Hosp. Inc.* v. *Commissioner of Rev.,* 381 Mass. 748, 750 (1980). The defendant should have understood that the penalties which had been provided for in the second and fourth paragraphs of G. L. c. 186, § 15B, inserted by St. 1972, c. 639, § 1, and subsequently amended by St. 1973, c. 430, § 11, and St. 1975, c. 154, respectively (see *Huard* v. *Forest St. Housing, Inc.,* 366 Mass. 203, 211 nn.8 & 9 [1974]), were about to be superseded by the enhanced penalties which were initially set out in G. L. c. 186, § 15B(6)(*e*) and (7), as appearing in St. 1977, c. 979, § 1, and later continued by G. L. c. 186, § 15B(6)(*e*) and (7), as appearing in St. 1978, c. 533, § 2. He should also have understood that he would incur the new penalties if he should fail to return or account for the security deposit by July 30, 1978, and if he should persist in holding the deposit until September 1, 1978. The Housing Court was correct in assessing damages under G. L. c. 186, § 15B(6)(*e*) and (7), as appearing in St. 1978, c. 533, § 2. See *Hampshire Village Associates* v. *District Court of Hampshire,* 381 Mass. 148, 149 n.4 (1980).

*Judgment affirmed.*

*Lawrence L. Blacker* for the defendant.
*Israel J. Herzog* for the plaintiffs.