KITCHEN & KUTCHIN, INC. *vs.* JARRY ELECTRONICS, LTD. & others.[1] January 2, 1981. The plaintiff has undertaken to appeal to this court from a decision of the Appellate Division of the District Court which reversed certain orders of a District Court judge and ordered the case to trial. There is no final decision, and therefore the appeal must be dismissed. *Demirdjian* v. *Star Mkt. Co.*, 381 Mass. 778 (1980), and cases cited.

*Appeal dismissed.*

*M. Robert Dushman* (*Elizabeth A. Ritvo* with him) for the plaintiff.
*Richard L. Dahlen* for Ontario Development Corporation & another.

BOARD OF ASSESSORS OF SANDWICH *vs.* COMMISSIONER OF REVENUE. January 6, 1981. This is an appeal from the decision of the Appellate Tax Board (A.T.B.) dismissing an appeal by the plaintiff to it which was filed after the statutory period of ten days had elapsed. See G. L. c. 58, § 14. "The attempted institution of an appeal after the statutory period has expired is 'so repugnant to the procedural scheme, so destructive of its purposes, as to call for dismissal of the appeal.'" *Sears, Roebuck & Co.* v. *State Tax Comm'n*, 370 Mass. 127, 130 (1976), quoting *Schulte* v. *Director of the Div. of Employment Security*, 369 Mass. 74, 79 (1975). A letter sent to the Commissioner of Revenue within the statutory period and not to the A.T.B. did not comply with the statute, was ineffective and did not confer jurisdiction on the A.T.B. See, e.g., *Greeley* v. *Zoning Bd. of Appeals of Framingham*, 350 Mass. 549, 552 (1966), and cases cited.

The decision of the Appellate Tax Board dismissing the plaintiff's appeal is affirmed.

*So ordered.*

*Alan A. Green* for the plaintiff.
*James A. Aloisi, Jr.*, Assistant Attorney General, for the defendant.