NESCO ALUMINUM SALES *vs.* THOMAS SCOTT. January 14, 1982. The defendant appeals from a decision of the Appellate Division of the District Courts vacating the judgment of the District Court and remanding for a new trial. The dispute arises out of a contract entered into between the defendant and the plaintiff's assignor. At trial the judge found that the assignment of the contract to the plaintiff was void and unenforceable, and entered a judgment in favor of the defendant. On appeal to the Appellate Division of the District Courts, Northern District, that court held that the trial judge erred, and entered an order vacating the judgment and remanding for a new trial. The defendant appeals the order of the Appellate Division to this court although the retrial has not yet taken place.

As we have said frequently and emphatically, an appeal does not lie at such an interlocutory stage. *Demirdjian* v. *Star Mkt. Co.*, 381 Mass. 778 (1980). *Pupillo* v. *New England Tel. & Tel. Co.*, 381 Mass. 714 (1980). *Pollack* v. *Kelly*, 372 Mass. 469, 475-477 (1977), and cases cited. See *Alves* v. *Picard*, 337 Mass. 77, 78 (1958) (an "appeal from the decision of the Appellate Division ordering a new trial was not from a final decision and [is] of no effect . . ."); *Real Property Co.* v. *Pitt*, 230 Mass. 526, 528 (1918). This case does not fall within any recognized exception to this rule. See, e.g., *Chavoor* v. *Lewis*, 383 Mass. 801, 805 (1981); *Borman* v. *Borman*, 378 Mass. 775, 778-781 (1979). The result of the new trial may be such as to obviate the need for an appeal and, if that does not turn out to be the case, the Appellate Division's rulings are ultimately appealable to this court, if appellate rights were appropriately preserved. We would assess double costs against the appellant defendant here, see *Pollack* v. *Kelly, supra* at 477, but for the fact that the appellee plaintiff also argued the merits before us, and did not move for the dismissal of the appeal on the above obvious grounds.

*Appeal dismissed.*

*Emidio DiLoreto* (*Elizabeth A. DiLoreto* with him) for the defendant.
*Jordan L. Shapiro* for the plaintiff.