LINDA JASON *vs.* CECILIA JACOBSON & another.[1]

Middlesex. April 6, 1982. — July 30, 1982.

Present: WILKINS, LIACOS, ABRAMS, NOLAN, & LYNCH, JJ.

*Practice, Civil,* Appeal, Appellate Division. *Landlord and Tenant,* Security deposit.

A decision by an Appellate Division in the District Court Department ordering a new trial of a civil action was not a "final decision" reviewable by this court under G. L. c. 231, § 109. [22-23]

This court expressed the view that an action by a tenant, seeking recovery of damages and attorney's fees from her landlord for failure to return her security deposit, was governed by the treble damages provision of St. 1977, c. 979, which, by its terms, applied to all deposits held on September 1, 1978, even though the tenancy had ended, and the action had been commenced, before that date. [23-24]

CIVIL ACTION commenced in the Central Middlesex Division of the District Court Department on June 27, 1978.

The case was heard by *Gonnella,* J.

*Howard S. Ross* for the plaintiff.

ABRAMS, J. The plaintiff seeks treble damages and attorney's fees from the defendants for their failure to return her security deposit within thirty days of the expiration of her tenancy. See G. L. c. 186, § 15B (7), as appearing in St. 1977, c. 979, § 1.[2] At the trial in a District Court, the

---

[1] S.R.G. Trust.

[2] General Laws c. 186, § 15B (7), provides in pertinent part: "If the lessor or his agent fails [to return to the tenant the security deposit within thirty days] the tenant shall be awarded damages in an amount equal to three times the amount of such security deposit . . . plus interest . . . ."

Statute 1977, c. 979, increased the penalty for failure to comply with certain requirements of G. L. c. 186, § 15B, from double to treble damages, and provided for the recovery of reasonable attorney's fees. The amendment was effective September 1, 1978, and was to "apply to all security deposits held by a lessor on said date."

judge found that the defendants had failed to return the security deposit within thirty days of the expiration of the tenancy,[3] and, therefore, pursuant to G. L. c. 186, § 15B (7), the plaintiff was entitled to treble damages and reasonable attorney's fees. Judgment was entered awarding the plaintiff $1,350 (3 × $450) plus $500 in attorney's fees.

The defendants requested a report of the rulings of law to the Appellate Division of the District Court Department, Northern District. See G. L. c. 231, § 108. Approximately twenty-two months later, the Appellate Division decided that G. L. c. 186, § 15B (7), provided only for double damages at the time the plaintiff filed her complaint (June 27, 1978). The case was remanded for a full new trial. The plaintiff filed a request for rehearing on the ground that no issue of fact was in dispute and, therefore, the judge should enter judgment for the plaintiff awarding double, rather than treble, damages. The Appellate Division denied the request because "the Appellate Division does not know what the trial judge found in the way of damages except that in making that determination he awarded treble damages and attorney's fee by applying" G. L. c. 186, § 15B, as appearing in St. 1977, c. 979, § 1. The plaintiff filed a notice of appeal from the decision of the Appellate Division. We conclude that the appeal is not properly before us, and that it must be dismissed.

A party may appeal to this court a final decision of the Appellate Division of the District Courts. G. L. c. 231, § 109. "A 'final decisison' . . . means a decision which leaves nothing more open to dispute and which sets controversy at rest. . . . The test of the finality of a decision is whether it terminates the litigation on its merits, directs what judgment shall be entered and leaves nothing to the judicial discretion of the trial court." *Real Property Co.* v. *Pitt*, 230 Mass. 526, 527-528 (1918). See *Hudson* v. *Massa-*

---

[3] The judge also found "that the defendants violated the Brookline Rent Control restrictions by charging $450.00 monthly rent on premises limited to $350.00 and did so with deliberate bad faith."

*chusetts Property Ins. Underwriting Ass'n*, 386 Mass. 450, 452 n.2 (1982); *Alves* v. *Picard*, 337 Mass. 77, 78 (1958). See also *Beit* v. *Probate & Family Court Dep't*, 385 Mass. 854, 857-858 (1982). An order for a new trial is not a final decision. Thus, the appeal is not properly before us, and must be dismissed. See *Third Nat'l Bank* v. *Continental Ins. Co., post* 1001 (1982); *Cassidy* v. *Newton*, 386 Mass. 1002 (1982); *Nesco Aluminum Sales* v. *Scott*, 385 Mass. 1002 (1982); *Kitchen & Kutchin, Inc.* v. *Jarry Elecs., Ltd.*, 382 Mass. 689 (1981); *Demirdjian* v. *Star Mkt. Co.*, 381 Mass. 778 (1980); *Pupillo* v. *New England Tel. & Tel. Co.*, 381 Mass. 714 (1980); *Pollack* v. *Kelly*, 372 Mass. 469, 475-477 (1977); *Rines* v. *Superior Court*, 330 Mass. 368, 373-374 (1953).[4] We add, however, that it would be helpful if the Appellate Division included, in its notice to attorneys of its decisions, the appropriate procedure to be followed in light of its orders.

Since the Appellate Division did not decide this case for twenty-two months and then ordered a full new trial even though there were no factual disputes on the issue of liability,[5] we express our views in an effort to help the litigants end these proceedings. See *Wellesley College* v. *Attorney Gen.*, 313 Mass. 722 (1943).

Statute 1977, c. 979, § 4, amending G. L. c. 186, § 15B, provides: "This act shall take effect on September first, nineteen hundred and seventy-eight and shall apply to *all security deposits held by a lessor* on said date" (emphasis added). See St. 1978, c. 553, § 3. The plaintiff's tenancy terminated on April 30, 1978. As of September 1, 1978, the

---

[4] This case does not fall within any recognized exception to the general rule. See, e.g., *Chavoor* v. *Lewis*, 383 Mass. 801, 805 (1981).

[5] In this court, neither party claims any factual dispute on the issue of damages. Both parties complain, with reason, of the expense of this litigation. It is not clear from the record why the Appellate Division did not limit its order to the issue of damages since that was the basis for its order of reversal. See *Demirdjian* v. *Star Mkt. Co.*, 381 Mass. 778 (1980). The order for a new trial on all issues is not justified by the record, and is unduly costly.

landlord had not returned any portion of the plaintiff's security deposit ($450). The Appellate Division concluded that the quoted language refers to security deposits "under tenancies still in existence on the effective date and not to funds held contrary to G. L. c. 186, § 15B, after a tenancy has terminated by the effective date of the statute." We do not agree.

Statute 1977, c. 979, expressly applied to all deposits *held* on September 1, 1978. See *Hampshire Village Assocs.* v. *District Court of Hampshire*, 381 Mass. 148, 149 n.4 (1980); *Friedman* v. *Costello*, 10 Mass. App. Ct. 931 (1980). The statute is unambiguous. "The language employed is neither peculiar nor technical, but is comprised rather of familiar words commonly combined to express, as they do here, a simple thought. Thus we construe the statute according to the common and approved use of this language." *New England Medical Center Hosp., Inc.* v. *Commissioner of Revenue*, 381 Mass. 748, 750 (1980).

Further, St. 1977, c. 979, § 4, provides that certain prohibitions and penalties (not relevant to this case) of the amendment shall only apply to "security deposits received on or after" September 1, 1978. See St. 1978, c. 553, § 3. Since G. L. c. 186, § 15B (7), is not one of the subsections so named, the amendment applies to the security deposit which the trial judge found was wrongfully retained in this case.[6] Thus, the District Court judge correctly concluded that the 1977 amendment to G. L. c. 186, § 15B (7), applied to the plaintiff's security deposit.

*Appeal dismissed.*

[6] Since St. 1977, c. 979, was approved January 11, 1978, nearly four months prior to the termination of the plaintiff's tenancy, it is not unreasonable to conclude that a landlord "should . . . have understood that he would incur the new penalties if he should fail to return or account for the security deposit by [May 30, 1978], and if he should persist in holding the deposit until September 1, 1978." *Friedman* v. *Costello*, 10 Mass. App. Ct. 931 (1980).