Lenhoff, J.
The complaint in this matter stated that the defendant was indebted to the plaintiff for a balance due on a personally guaranteed corporate promissory note.
The defendant admitted the execution and delivery of the aforestated note and personal guarantee; denying, however, that there was a balance due thereon. Said defendant set forth the affirmative defenses of estoppel, res judicata and debt cancellation.
After trial the Court found for the defendant and found the following facts:-
On August 10, 1981, the plaintiff was a stockholder and president of a corporation. On that date, said corporation executed a note payable to the plaintiff in the sum of $11,650.00.
On September 4,1981, the defendant purchased all the corporation’s stock. In payment thereof, he paid $2,000 in cash; gave a promissory note for $13,000.00; and executed and delivered a personal guarantee of the $11,650.00 corporate note dated August 10,1981.
On September 21, 1982, bdth the corporate note and the defendant’s personal $13,000.00 note were not paid in accordance with their terms. Thereupon, the plaintiff instituted action against the defendant on his personal note with eventual execution and satisfaction thereof. Subsequent thereto, the plaintiff brought the instant proceedings against the defendant on his personal guarantee of the corporate note.
In its finding for the defendant on the defendant’s personal guarantee of the corporate note, the Trial Court found that the plaintiff had split his claim by bringing two actions with one having been fully adjudicated prior to the second action being brought.
In consequence of the above, the plaintiff took reasonable action to have his grievances on the Trial Court’s disposition reported to the Appellate Division for determination.
As a result of an Appellate Division hearing, an opinion was rendered that was certified on August 19, 1987. Said tribunal by the certification of same ordered the Clerk-Magistrate of the Springfield Division of the Trial Court’s District Court Department to enter on its docket, the following:- “Error being found the case is returned to the trial court for further proceedings not inconsistent with this decision”.
Thereupon, the case was remanded to the Trial Court where after hearing, it .caused judgment to be entered for the plaintiff on January 4,1988 in the total sum of $14,780.07.
*78 The defendant by reason of said judgment filed a Draft Report. Same was duly allowed; and, the case, for a second time, was reported to this Appellate’ Division.
The remanding of the case to the Trial Court by the Appellate Division was in effect the ordering of a new trial, the outcome of which was directed by the instructive language appearing in the Appellate Division’s opinion.
Consequently, the defendant was thereby positioned to await a “final decision” before proceeding to a higher authority for relief. See G. L. c.231, §109. The said defendant is now before this tribunal, properly, pursuing the appeal procedure. Our action, if not leaving anything open to dispute and finally ending the controversy, is to be construed ás a “final decision”. See Jason v. Jacobson, 387 Mass. 2, 22 (1982).
Reviewing the entire record, the Report be and is hereby dismissed.[1]

The above stated dismissal terminates this litigation and thereby thejudgmententered is allowed to stand, leaving nothing to the judicial discretion of the Trial Court.
The action of the Appellate Division herein on appeal, if there be such appeal, brings for review both the first and this second decision of this body. See Alves v. Pickard, 337 Mass. 77, 78-79 (1958), citing therein Pictorial Paper Package Corp., 303 Mass. 123, 127 (1939).