JuBge MilLs
delivered the opinion.
This is a warrant of forcible detainer. On the trial in the court below, the plaintiff in the warrant, now appellee, gave in evidence, that be had obtained a judgment in ejectment against the appellant, and afterwards, without a writ of possession, went to the house of the appellee, and requested him to surrender possession. To which he agreed*, sn d with his family, at the order of the appellee, went out of the bouse, and returned into it by his, the appqliee’s, permission, and then agreed to hold the premisses under him; but whether with, or without rent, is not stated; nor for wnat length of time he was to hold. The appellant continued one year, and after its expiration, the appellee brought this warrant. This being in substance all the evidence in the cause, the jury found a verdict for the appellee. Tne appellant moved for a new trial, on the ground that *18 the verdict was against law and evidence; and the court overruled the motion, and gave judgment for the appellee^ and from that decision this appeal is prayed; and the error assigned questions the correctness of the decision of the court in overruling the motion for a new trial.
A tenant at wilt is a tenant from yEar to year, till tinr will ofone or both parties cease— 8*1 tensnt is entitled to six months’ notice to quit.
There is some doubt whether the evidence proved the tenancy of the defendant in the warrant, and his entry under the plaintiff, as one witness speaks something about a Contemplated purchase, on which the parties disagreed. But we have not thought it necessary to scan the evidence nicely on this point. Because, we are clearly of opinion, that if the evidence did constitute him a tenant, it was at will, which ought to be construed, by numerous decisions, a tenancy from year to year, at the joint will of both, one year of which the tenant in this case had enjoyed. Of course, by a well settled rule of law, the tenant was entitled to six months’ notice to quit after the determination of the will of his landlord, before this proceeding could be maintained against him. There having been no proof conducing to shew such notice; and the want of it having.been relied on in the motion for a new trial, the court below erred in overruling the motion; and for Ibis cause the decision must be reversed with costs, and the verdict and judgment set aside, with directions for a new trial to be had in the court below, accordant with this opinion.