Nixon, Administrator, v. Hammond.

WARREN NIXON, Administrator, *vs.* THOMAS F. HAMMOND.

*It seems* that an exception to instructions to the jury, not taken or notified until ten days after verdict, is too late.

A party cannot except to the admission of evidence offered by himself, nor to instructions upon such evidence which are too favorable for him.

ASSUMPSIT for money had and received by the defendant to the use of the plaintiff's intestate. At the trial in the court of common pleas before *Wells*, C. J., evidence was offered tending to show that the money sued for was received by the defendant, as alleged, from the city of Boston, in payment for land conveyed to the city by the plaintiff's intestate, as appeared by a deed thereof which was offered in evidence. The defence was, among other things, that the plaintiff's intestate had in his lifetime conveyed to the defendant said sum of money by a deed duly executed to him, which was proved by the subscribing witness thereto. The defendant also inquired of the subscribing witness what was said between the parties, at the time of the execution of the deed, about the money now in controversy, to which the plaintiff objected, but the court admitted it so far as to show that the plaintiff's intestate " was not imposed upon, or defrauded in the procurement of the deed, and for other parts of the defence, but not for the purpose of ascertaining the meaning of the deed by the confessions of the parties; and ruled and instructed the jury that the deed was comprehensive enough in

its terms to convey the money sued for, and that it was a question for the jury, whether such was the intent of the parties, and that they might consider the circumstances of the transaction, and the relation of the parties, but not what was said by them as to their meaning in using the terms stated in the deed." The defendant took no exception to this ruling until after a verdict was returned for the plaintiff. A motion was made for a new trial, because the verdict was against the evidence, which was heard about ten days after the verdict was returned. The defendant then, for the first time, tendered an exception to the ruling of the court, which was allowed by the presiding judge upon condition that the supreme court should be of opinion, the defendant was then entitled to take and prosecute such exception.

*A. H. Nelson & G. A. Somerby*, for the defendant.

*J. G. Abbott & C. R. Train*, for the plaintiff.

BY THE COURT. The court are strongly inclined to the opinion, that the exceptions were not seasonably taken by the defendant. But being provisionally before us, we have looked at them and are of opinion, that the evidence now objected to, having been offered by the defendant, he cannot except to it, and that the instructions to the jury upon the effect of the deed were sufficiently favorable to the defendant, not to say too favorable, and, therefore, had the exceptions been earlier taken, they would afford no ground for setting aside the verdict. *Exceptions overruled.*