## Municipal Court of the City of Boston
### No. 127855
### MACK TRUCKS, INC.
### v.
### HUGH J. O'CONNOR

Argued: January 7, 1966     Decided: January 12, 1966

*Present*: Adlow, C. J., Shamon, Foster, JJ.
Case tried to *Gillen, J.*

*Adlow, C. J.* Action of contract to recover the sum of $812.68 for work, labor, and materials furnished in the repair of the defendant's truck. According to the account annexed

the plaintiff's claim embraced the following charges for services and goods furnished the defendant:

| | | |
|---|---|---|
| Item 1 | Mar. 5 | $4.55 |
| Item 2 | Feb. 25 | 213.98 |
| Item 3 | Mar. 18 | 44.14 |
| Item 4 | Mar. 25 | 542.82 |
| Item 5 | Apr. 30 | 7.19 |

The defendant entered a general denial and further answered that the merchandise sold by the plaintiff was defective.

After a full trial of the cause the court allowed items ##1, 3, and 5 of the account annexed and disallowed items ##2 and 4. It is unnecessary to consider in detail the evidence presented at the trial. It is sufficient for our purposes to note these findings of fact of the court:

"On all the evidence I am not satisfied the work set forth as being done on February 25, 1964 and March 25, 1964 was necessary if the work done in October, 1963 had been properly done. I am not satisfied the bell housing job was done properly in October, 1963, and this failure was the cause of the work being done on February 25, 1964 and March 24, 1964.

Under the pleadings no claim was made on account of the work done by the plaintiff in October, 1963. If such work was done we may infer that it was paid for, no claim for it appearing in the account annexed to the declaration. If the defendant proposed

to make an issue of the poor workmanship allegedly involved in the October work the proper way to advance the claim was either by set-off or counterclaim. The issue cannot be raised under a plea of payment. *Wenz v. Wenz,* 222 Mass. 314, 320; *Vrusho v. Vrusho,* 258 Mass. 185.

In this cause the parties were limited to the issues permitted by the pleadings. *Egan v. Mass. Bonding & Ins. Co.,* 266 Mass. 270, 273.

Where the defendant relies on a substantive fact to avoid its obligation, the statute requires that the answer should state this substantive fact. G. L. (Ter. Ed.) c. 231, §28.

No such substantive fact is set up in the defendant's answer.

■ Had the answer alleged that by agreement of the parties the work of February 25 and March 25 was to be done without charge to the defendant, the finding of the court would have been warranted by the pleadings.

■ But no such answer appeared in the pleadings; and no evidence to support such answer appears in the record. The failure of the court to make any findings for the plaintiff on account of these items indicates that its finding was governed by evidence concerning the faulty workmanship performed in October, 1963. This evidence was immaterial to the issues raised by the pleadings.

*There must be a new trial. Finding for the plaintiff vacated. New trial ordered.*

Max S. Ginsberg of Boston for the Plaintiff.
Thomas F. Boyd of Boston for the Defendant.