ELAINE A. NEVINS & another[1], coexecutors, *vs.*
ALFRED B. TINKER, JR.

Barnstable. October 8, 1981. — December 14, 1981.

Present: HENNESSEY, C.J., WILKINS, LIACOS, NOLAN, & LYNCH, JJ.

*Conflict of Laws. District Court,* Jurisdiction. *Jurisdiction,* Construction of foreign will.

In an action on a promissory note signed in New York and representing a
loan made by a New York resident to a resident of Massachusetts for
use in a business in Massachusetts, a determination whether the note
was usurious was governed by Massachusetts law. [704-705]

Where the defendant in an action on two promissory notes brought by the
executors of a will admitted to probate in the State of New York did
not in his answer and counterclaim raise the issue whether the Massa-
chusetts trial judge had authority to interpret the will and where the
defendant by his answer invited interpretation of the will by claiming
that a portion of the debt had been forgiven by a provision in the will,
the defendant could not on appeal question the judge's authority to in-
terpret the will. [705-706]

In an action on two promissory notes brought by the executors of a will
admitted to probate in the State of New York there was no evidence to
sustain the defendant's claim that the action was "premature" because
of pendency of a prior action in the State of New York. [706]

CIVIL ACTION commenced in the Second District Court of
Barnstable on June 24, 1976.

The case was heard by *Welsh,* J.

*Richard L. Curley* for the defendant.

LIACOS, J. This is an action of contract brought in the Sec-
ond District Court of Barnstable County. The plaintiffs are
coexecutors of the estate of a domiciliary of New York. They
sought to recover $20,000 plus interest due on two promis-
sory notes given by the defendant, a Massachusetts resident,
and payable to their testatrix.

---

[1] Delores Pohalski.

After a trial, a judgment for the plaintiffs in the sum of $16,000 together with interest and costs was entered on June 23, 1977. The defendant filed a request for a report to the Appellate Division. The Appellate Division entered an opinion and order dismissing the report on November 19, 1980. The defendant filed a notice of appeal with this court. G. L. c. 231, § 109.[2] We affirm.

The facts are as follows: The plaintiffs' testatrix, Luella B. Carlson, was the aunt of the defendant, Alfred B. Tinker, Jr. Carlson loaned Tinker, who had a restaurant on Cape Cod, $20,000 in two equal instalments. The first loan was made in December, 1972, and was followed by a second in October or November of the next year. The trial judge found both loans were consummated in Massachusetts, and the money was paid here. Initially the parties had only an oral agreement which set interest at 8% with the principal payable on demand. Sometime after the making of the second loan, Tinker went to Carlson's New York home and signed two promissory notes for $10,000 each at 8% interest. The notes were dated January 10, 1973, and November 5, 1973, respectively. No new consideration was given by Carlson for these notes, and the trial judge found that they were intended as "a written memorial of their previously concluded arrangement." Tinker had made no payments toward the principal, but he paid interest to Carlson until her death.

Carlson's will was probated in the Surrogate's Court of Suffolk County, New York, on June 3, 1975. In this will the testatrix provided several legacies, including one to Tinker for $1,000. The fourth clause, which is one source of the present controversy, provides as follows: "If, at the time of

---

[2] This action was not subject to the provisions of G. L. c. 231, §§ 102C, 104, as it was initiated in the District Court and not removed to the Superior Court. Consequently, the decision of the Appellate Division is a "final decision" under G. L. c. 231, § 109, and the appeal is properly here. Compare *Stella* v. *Curtis*, 348 Mass. 458 (1965), with *Demirdjian* v. *Star Mkt. Co.*, 381 Mass. 778 (1980), *Pollack* v. *Kelly*, 372 Mass. 469 (1977), and *Fusco* v. *Springfield Republican Co.*, 367 Mass. 904 (1975). Under *Stella, supra,* the scope of our review encompasses the action of the Appellate Division as well as that of the trial judge.

my death, my nephew, ALFRED B. TINKER, JR., still retains a balance on my original investment in his restaurant known as The Blacksmith Shop, Truro, Massachusetts, I direct that one-third of such balance or the sum of FOUR THOUSAND ($4,000.00) DOLLARS be cancelled and credited to the investment of said ALFRED B. TINKER, JR.; one-third of such balance or the sum of FOUR THOUSAND ($4,000.00) DOLLARS whichever is less, be cancelled and credited to the investment of my nephew, MARTIN P. TINKER; and one-third of such balance or the sum of FOUR THOUSAND ($4,000.00) DOLLARS, whichever is less, be cancelled and credited to the investment of my nephew, WILLIAM M. TINKER. In the event that after these transactions have been completed, there should remain any balance on my said investment, then ALFRED B. TINKER, JR., shall have one (1) year in which to pay the said balance to my estate, together with interest at the rate of eight (8) per cent per annum to the date of payment. Upon payment in full, my Executors are directed to cancel and return to my said nephew all evidences of such investment and indebtedness."

The New York coexecutors brought this action directly in the District Court. G. L. c. 218, § 19. At the close of the trial the defendant made ten requests for rulings of law, which raised two basic issues. The first was that the note dated January 10, 1973, was usurious under New York law[3] which, he claimed, governed the transactions. The second was that the fourth clause of Carlson's will operated to forgive, partially if not totally, the note dated November 5, 1973. These requests were denied. The judge found that the first note was not usurious, since the loan was entirely consummated in Massachusetts and its "'enforceability' or . . . remedy is determined by the *Lex fori*."

There was no error on this issue. We agree with the view of the Appellate Division, which affirmed this ruling. Since

---

[3] The defendant does not contest the validity of the November 5, 1973, promissory note as it was not usurious under either the law of New York or Massachusetts.

the note in question is a negotiable instrument as defined in the Uniform Commercial Code, G. L. c. 106, § 3-104 (1), conflict of law problems pertaining to it are resolved by the Code. Where the transaction bears an "appropriate relation" to Massachusetts, and where there is no evidence of an agreement between the parties that the law of another jurisdiction should apply, the laws of the Commonwealth govern. G. L. c. 106, § 1-105 (1). *Industrial Nat'l Bank* v. *Leo's Used Car Exch., Inc.*, 362 Mass. 797, 800 (1973). At the time of its making, the note was not usurious under Massachusetts law. G. L. c. 271, § 49 (*a*).

The defendant argues further that the trial judge improperly construed the language of the will as to the note of November 5, 1973.[4] Additionally, the defendant claims that the trial judge had no authority to interpret a will admitted to probate in New York. Although the defendant cites no authority to sustain either argument, we consider these claims briefly and conclude there was no error.

We note at the outset that the defendant's answer and counterclaim do not raise properly the issues he now seeks to argue. The defendant's answer sought to raise the issue of forgiveness, arising from the testatrix's will, not only for the defendant but also on behalf of his two brothers, neither of whom was a party to the action.

As to the issue whether the trial judge had the power to interpret the will in regard to any intent to forgive a portion of the defendant's debt, it was the defendant who invited such an interpretation. Assuming it was error (but see *Police*

---

[4] The trial judge construed and applied the language as follows:

"1. The defendant is entitled to credit of $4,000.00 on the sum then owed on principal.

"2. Upon payment of $8,000.00 to the plaintiffs herein for the use of Martin and William Tinker (the two other nephews named in clause four), the defendant is entitled to have one year from the date of such payments to pay the remaining principal sum of $8,000.00 at 8% per annum.

"3. If the defendant does not elect to avail himself of the one years [*sic*] forbearance by paying $8,000.00 for the use of the other two nephews, the entire balance, less the $4,000.00 partial forgiveness shall be due immediately with interest."

*Comm'r of Boston* v. *Municipal Court of the Dorchester Dist.*, 374 Mass. 640, 662-663, 664, 665 n.18 [1978]), it was error invited by the defendant. See *Fairfield* v. *Lowry*, 207 Mass. 352, 359 (1911); *Orenstein* v. *United States*, 191 F.2d 184, 193 (1st Cir. 1951). The trial judge clearly had the power to hear and determine the plaintiffs' claims on the promissory notes. G. L. c. 218, §§ 4, 19. The genuineness of the notes and the fact that they were due and unpaid was not contested. The trial judge interpreted the will as to "forgiveness" at the defendant's request, and consequently reduced the debt by $4,000. The real quarrel the defendant has is not that the judge exceeded his authority by "interpreting" the will, but that the judge did not interpret it in the fashion the defendant desires. The defendant will not be heard now to complain.

Second, in his counterclaim, the defendant asserted that the plaintiff's action was "premature" in that there was "presently pending in the Surrogate's Court of Suffolk County, State of New York an action to determine what, if anything, is due on the referred to notes" including the question whether the indebtedness had been "forgiven" by the will of the testatrix. The requests for rulings of law asserting this defense (Nos. 6 and 9) were denied. The Appellate Division sought an amplified report on this issue. The record shows that no action was pending in the Surrogate's Court, and, further, that an action had been brought in the Supreme Court of New York subsequent to the initiation of the District Court action.

It appears, therefore, that the defendant sought to raise affirmatively the defense of pendency of a prior action. The claim fails for lack of evidence to sustain it. The findings were not clearly erroneous and will not be disturbed. *Zaleski* v. *Zaleski*, 330 Mass. 132, 134 (1953). Mass. R. Civ. P. 52 (*a*), 365 Mass. 816 (1974).

*Order of Appellate Division
dismissing report affirmed.*