Welsh, P.J.
This is a civil action in which the plaintiff seeks to recover for damages based upon negligence in the inspection of a home and in the preparation of a report upon which plaintiff relied in the purchase of the said home to his detriment. The complaint also alleges a violation of the Consumer Protection Act. General Laws Chapter 93A, §§2, 9(1).
The answer denied the allegations of negligence and violation of General Laws Chapter 93A. The answer asserted the affirmative defenses of contributory negligence, jurisdiction, foreseeability, The Statute of Frauds, failure to state a claim upon which relief may be granted, failure to comply with the requirements of General Laws Chapter 93A, and the Statute of Limitations. The answer did not raise the issue of contractual disclaimer of liability.
The trial judge found for the defendant.
The plaintiff claims to be aggrieved by the refusal of the judge to grant certain requests for rulings of law and by certain voluntary rulings of law contained in the court’s written memorandum of decision.
We conclude there was no error of law prejudicial to the rights of the plaintiff appellant.
At trial, there was evidence tending to show the following:
On or before March 22,1981, the plaintiff became interested in purchasing a home at 63 North Street, Mattapoisett. The plaintiff engaged the defendant, a firm in the business of conducting home inspections, to inspect the home prior to purchase. On March 22, 1981, the defendant’s employee came to the premises and conducted a visual, ground level inspection. The inspection took about 45 minutes to one hour. The person who conducted the inspection was *192 not licensed by the commonwealth[1] nor any professional organization. He had not received any special training in the field of home inspections. He had more than three years experience as a serviceman and installer of commercial and water purification systems, and twenty-one month’s experience as a construction foreman and supervisor.
There was evidence that the plaintiff signed the first page of the certificate of inspection which contained the following languages:
I will not rely on this inspection or report for the purchase of this property and I acknowledge that any liability on the part of William K. Millar Associates, Inc. or its representatives shall be limited to the agreed fee for the inspection and report.
The plaintiff paid the agreed fee of $175.00. This fee was returned to the plaintiff as a result of the demand letter agreeable to General Laws Chapter 93A.
The defendant agreed to note and to call to the plaintiffs attention any major deficiencies existing at the time of the inspection. The certificate defined major deficiencies as “a defect that severely affects the habitability of the dwelling, or in the opinion of the inspector may cost more than $500.00 to repair.”
The report which was issued shortly after March 22,1981 stated that the visible portion of the roof appeared to be in satisfactory condition. Actually,' the roof was at or near the end of its useful life and had to be replaced shortly after the plaintiff took occupancy at a cost of $3,206.00. The report stated that private water supplies and sewerage disposal systems were not included in the report. In fact, the leaching was not functioning at the time of the inspection and had to be replaced at a cost of $991.00. The report noted that the septic system should be pumped out once every two years. There was evidence that no amount of pumping would have solved the problem. The plaintiff testified that he relied on this and believed that the septic system would work if pumped every two years. There was evidence that no amount of pumping would have solved the problem. The plaintiff testified that he relied on this and believed that the septic system would work if pumped every two years.
As regards the roof, there was evidence that defendant’s inspector orally told the plaintiff that the roof appeared to be nearing the end of its useful life and suggested to the plaintiff that he make inquiries of the owners as to its condition. The plaintiff did so, and was informed that the roof was approximately 15 years old. The inspector told the plaintiff that the average life of a roof was between 20 and 25 years. The plaintiff testified that he relied upon this information and believed that the roof would not need repair or-replacement for at least 5 years.
The plaintiff had not owned a home before and had little or no experience as to the repair of structures.
After observing flooding of the yard due to the defective septic system and replacing the roof, plaintiff sent a demand letter pursuant to General Laws Chapter 93A, to which the defendant responded by returning the inspection fee.
The trial judge found that the plaintiff signed an authorization in which he agreed not to rely upon the inspection to purch ase property and limiting the *193 liability of the defendant to purchase property and limiting the liability of the defendant to the agreed fee for the inspection. He also found, based on photographic evidence not in the report, that the condition of the property at the time of purchase showed evidence of water leaks existing for some appreciable time prior to the purchase. The judge noted that the condition of the septic system was expressly excluded from the report, and found that the inspector orally called attention to the age of the roof. The judge found for the defendant.
1. The judge quite properly refused to act upon a number of requests for rulings filed by the plaintiff on the grounds that they were in reality requests for findings of fact. A judge in the district court is not obliged to make findings of fact. Rule 52, Dist./Mun. Cts. R. Civ. P. Nor is a district court judge required to respond to requests for findings of fact which are labelled requests for rulings of law. E.A. Strout Realty Agency, Inc. v. Gargan, 328 Mass. 524, 525 (1952).
2. We assume, favorably to the appellant, that such contractual defenses as disclaimer and limitation of liability should have been raised in the asnwer. See Mulry v. Mohawk Valley Ins. Co., 71 Mass. 541, 543 (1856); Mack Trucks, Inc. v. O’Connor, 34 Mass. App. Dec. 1, 3 (1966); Rule 8(c), Mass. R. Civ. P., 365 Mass. 750 (1974).[2]
The report indicates that it was the plaintiff, not the defendant, who introduced the document in which he agreed not to rely upon the inspection for the purchase of property, and limiting the liability of the defendant to the agreed upon fee for the inspection. (R. 11). The plaintiff may not now be heard to complain that the judge shouldn’t have relied upon the document because the defendant failed to plead such matters as affirmative defenses. A party cannot rightly predicate error upon the receipt of evidence he introduces. Nixon v. Hammond, 66 Mass. 285, 286 (1853).
Apart from that, the plaintiff sought a ruling that a general clause in a contract purporting to exonerate a party from all liability for breach of contract is invalid because of repugnancy and lack of mutuality of obligation. (R.8: Requested Ruling No. 20). It is disingenuous to contend, on the one hand, that the trial judge improperly relied upon matters that should have been set up in the answer as an affirmative defense, while at the time “inviting error” by placing the very document containing the matters in avoidance before the court for consideration, apparently without any limitations as to its use or purpose. See Nevins v. Tinker, 384 Mass. 702, 705-706 (1981). The theory of law upon which a case is tried will not be disregarded on appeal. Atlantic Building Corp. v. Whyte, 341 Mass. 234, 236 (1960); Siegel v. Knott, 318 Mass. 257, 261-262 (1945).
*194 3. There was no error in the court’s refusal to rule that the clause in the contract purporting to exonerate a party from all liability for breach is invalid because of repugnancy and lack of mutuality. In the absence of fraud, a person may make a valid contract exempting himself from personal liability which he might incur by reason of personal negligence in the execution of the contract by himself or by his employees or agents. Schell v. Ford Motor Co., 270 F. 2d 384 (C.A. Mass. 1959); Henry v. Mansfield Beauty Academy, Inc., 353 Mass. 507, 510-511 (1968). There was no error in the judge’s construction of the clauses limiting the scope of the agreement and the liability of the defendant.
We determine that there was no error prejudicial to the rights of the appealing party in the rulings complained of. The report is dismissed.
So ordered.

 At oral argument, plaintiffs counsel conceded that he knew of no statutory licensing requirement for such inspection in this commonwealth.

 GeneralIy, where a person relies upon a substantive fact to avoid a duty which the law ot herwise imposes upon him, and not part of the plaintiffs prima facie case, he is required to set up such matters as an affirmative defense.