**Opinion issued November 8, 2022**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-22-00403-CV

_____

**TOM JOHNS, Appellant**

**V.**

**THE FOX HALL, LTD A/K/A FOX HALL APARTMENTS, FOX HALL APARTMENTS, LLC AND FOX HALL, LTD, Appellee**

---

**On Appeal from the 133rd District Court**
**Harris County, Texas**
**Trial Court Case No. 2020-08163**

---

## MEMORANDUM OPINION

Appellant Tom Johns, proceeding pro se, attempts to appeal the trial court's

May 5, 2022 "Order Granting Defendant The Fox Hall, Ltd's Traditional Motion

For Summary Judgment on Grounds of Stricken Pleadings." The order dismisses

with prejudice "all claims and causes of action" asserted by Johns against appellee The Fox Hall, Ltd.[1]

The clerk's record reflects that Fox Hall filed a counterclaim against Johns before the trial court signed the May 5, 2022 summary-judgment order dismissing Johns's claims. Fox Hall's counterclaim appears to remain pending in the trial court.

Unless specifically authorized by statute, Texas appellate courts only have jurisdiction to review final judgments. *Bison Bldg. Materials, Ltd. v. Aldridge*, 422 S.W.3d 582, 585 (Tex. 2012). Because no statute authorizes an interlocutory appeal in this case, this Court has jurisdiction over this appeal only if the trial court's summary-judgment order is a final judgment. *See* TEX. CIV. PRAC. & REM. CODE § 51.014 (listing interlocutory orders that are appealable). A summary-judgment order is final for purposes of appeal only if it either "actually disposes of all claims and parties then before the court . . . or it states with unmistakable clarity that it is a final judgment as to all claims and all parties." *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 192–93 (Tex. 2001); *see N.Y. Underwriters Ins. Co. v. Sanchez*, 799 S.W.2d 677, 678–79 (Tex. 1990) ("In the absence of a special statute making an interlocutory order appealable, a judgment must dispose of all issues and parties in

---

[1]     In his notice of appeal, Johns also referred to appellee The Fox Hall, Ltd as Fox Hall Apartments, Fox Hall Apartments, LLC, and Fox Hall, Ltd.

the case, including those presented by counterclaim or cross action, to be final and appealable.").

Because it does not dispose of Fox Hall's counterclaim, and it does not state that it disposes of all claims and all parties, the summary-judgment order against Johns is not a final judgment. *See Lehmann*, 39 S.W.3d at 192–93; *see also Gonzales v. Terrell,* No. 01–14–00711–CV, 2015 WL 1735370, at *1–2 (Tex. App.—Houston [1st Dist.] Apr. 14, 2015, no pet.) (mem. op.) (holding that summary-judgment order was not final for purposes of appeal because it did not dispose of counterclaim or contain sufficient finality language). Rather, the summary-judgment order is interlocutory, and, as mentioned, no interlocutory appeal is authorized by statute from the order. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)

On October 11, 2022, we notified the parties that, due to the lack of a final judgment, this appeal may be dismissed for lack of jurisdiction unless they demonstrated that we have jurisdiction over this appeal. *See* TEX. R. APP. P. 42.3(a), 43.2(f). In response, Johns filed in this Court a motion to sever Fox Hall's pending counterclaim from his claims against Fox Hall that were dismissed in the summary-judgment order. He contends that the severance would make the summary-judgment order final and appealable. However, "[o]nly the trial court can sign a severance order to make the [summary-judgment] order in [this] case an appealable judgment." *Elias v. Woods*, No. 10–03–00245–CV, 2004 WL 575391, at *1 (Tex. App.—Waco

3

Mar. 17, 2004, no pet.) (mem. op.). Thus, we do not have jurisdiction to grant the motion to sever. *See id.*

As an alternative to his motion to sever, Johns has filed a "motion to invoke," citing Civil Practice and Remedies Code subsection 51.014(d), which concerns permissive appeals. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(d). Johns asks that we sign an order "to invoke" subsection 51.014(d) to permit him to appeal the interlocutory summary-judgment order. However, because the procedures for a permissive appeal—including filing a timely petition and obtaining permission from the trial court to appeal the otherwise unappealable order—have not been followed, we have no jurisdiction to determine the motion. *See* TEX. R. APP. P. 28.3; TEX. CIV. PRAC. & REM. CODE § 51.014(d), (f); *Hale v. Rising S Co., LLC*, No. 05-20-01025-CV, 2021 WL 1248273, at *1 (Tex. App.—Dallas Apr. 5, 2021, no pet.) (mem. op.) (rejecting appellant's argument that court of appeals had jurisdiction over appeal from interlocutory order under subsection 51.014(d) when procedures necessary for permissive appeal had not been followed); *see also Progressive Cnty. Mut. Ins. Co. v. Dowdy*, No. 01–20–00817–CV, 2022 WL 1572044, at *3–4 (Tex. App.—Houston [1st Dist.] May 19, 2022, no pet.) (mem. op.) (dismissing petition for permissive appeal for lack of jurisdiction because appellant did not file its petition within 15 days after order to be appealed was signed, as required by Rule of Appellate Procedure 28.3(c) and Civil Practice and Remedies Code subsection 51.014(f)).

Because the summary-judgment order is not a final judgment, and an interlocutory appeal of the order is not authorized by statute, we conclude that this Court lacks jurisdiction over the appeal. *See Young v. Luxury Direct Ltd. Co*., No. 01–20–00658–CV, 2022 WL 175360, at *1 (Tex. App.—Houston [1st Dist.] Jan. 20, 2022, no pet.) (mem. op.) (concluding that court lacked jurisdiction over appeal from summary-judgment order because counterclaims remained pending); *Gonzales*, 2015 WL 1735370, at *2 (same). Accordingly, we dismiss the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a). We also dismiss for lack of jurisdiction Johns's motions to sever and to invoke subsection 51.014(d). All other pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices and Landau and Hightower.