748                                                    381 Mass. 748

New England Medical Center Hospital, Inc. *v.* Commissioner of Revenue.

New England Medical Center Hospital, Inc. *vs.*
Commissioner of Revenue.

Suffolk.  September 12, 1980. — November 6, 1980.

Present: Hennessey, C.J., Quirico, Braucher, Wilkins, & Liacos, JJ.

*Statute,* Construction.  *Taxation,* Meals tax:  exemption.

The language of G. L. c. 64B, § 2A (*a*), as in effect prior to St. 1977,
  c. 363A, § 43, is plain and unambiguous and, therefore, this court
  declined to consider legislative history in construing it.  [749-750]
The exemption in G. L. c. 64B, §2A (*a*), as in effect prior to St. 1977,
  c. 363A, § 43, exempts from the meals excise tax all meals prepared by
  hospital employees and served in the hospital, regardless of the status
  of the consumer of such meals.  [750-752]

Appeal from a decision of the Appellate Tax Board.
*Alan B. Sherr,* Assistant Attorney General, for the Com-
missioner of Revenue.
*Philip Burling* for the taxpayer.
Hennessey, C.J.  This is an appeal by the Commissioner
of Revenue (Commissioner) from an adverse decision of the
Appellate Tax Board (the board) which granted a full
abatement of meals taxes assessed against the New England
Medical Center Hospital, Inc. (the hospital), from Febru-
ary, 1973, to May, 1976.  The board held that G. L. c. 64B,
§ 2A (*a*), exempted from the meals tax all meals prepared by
hospital employees and served in the hospital, thus refusing
to uphold the Commissioner's contention that the exemp-
tion applied to such meals only when served to patients.  We
agree with the board's determination of the scope of the ex-
emption, and therefore hold that the exemption previously
found in G. L. c. 64B, § 2A (*a*) (presently found, verbatim,
in G. L. c. 64H, § 6 [*cc*]), exempts from the meals excise tax
all meals prepared by hospital employees and served in the

381 Mass. 748                                                    749

New England Medical Center Hospital, Inc. v. Commissioner of Revenue.

hospital, regardless of the status of the consumer of such meals.

The hospital is a large teaching hospital licensed to operate under G. L. c. 111, § 51. At issue is the tax status of meals served in the hospital cafeteria, which has a seating capacity for 400 persons and is open fourteen hours a day, seven days a week. The meals served are prepared in the hospital kitchen by hospital employees, thus satisfying the two stated qualifications of G. L. c. 64B, § 2A (a). Some patients eat in the cafeteria and are easily distinguished from other patrons, the largest group of patrons being comprised of employees and the smallest group of patrons being comprised of casual visitors. The hospital contends that those meals served in the cafeteria which are otherwise taxable are exempted from the meals tax by G. L. c. 64B, § 2A (a), which, during the period in dispute,[1] provided in relevant part that "[t]he following meals shall be exempt from the taxes imposed by this chapter: (a) Meals prepared by employees thereof and served in any hospital." It is the Commissioner's position that this language is ambiguous in that it fails to specify the scope of the exemption: the Commissioner urges us to "clarify" the exemption by further restricting its application to only those meals served to patients. It is claimed by the Commissioner that such a restriction is in accord with the legislative intent. In response the hospital states that the statute is plain and unambiguous and that the statutory language is thus the sole indicator of legislative intent with which we may properly concern ourselves. Our threshold inquiry, then, is to determine how deeply we should probe into the legislative history of G. L. c. 64B, § 2A(a), in order to derive the legislative intent and effectuate the legislative purpose. We conclude that the

---

[1] General Laws c. 64B, § 2A(a), was repealed by St. 1977, c. 363A, § 43. The hospital exemption was, however, adopted verbatim as an exemption to the new sales tax on meals. G. L. c. 64H, § 6 (cc). In this opinion the "hospital exemption" refers to the previous statute, G. L. c. 64B, § 2A (a), in order to retain our stated comparisons with other parts of the same statute which are now relocated or repealed.

statutory language quoted above is sufficiently clear that we need not seek further enlightenment from other sources.

We begin by recognizing a salient principle of statutory construction, namely, that where the language of a statute is plain and unambiguous, legislative history is not ordinarily a proper source of construction. *Hoffman* v. *Howmedica, Inc.*, 373 Mass. 32, 37 (1977). A statute is plain and unambiguous if "virtually anyone competent to understand it, and desiring fairly and impartially to ascertain its signification, would attribute to the expression in its context a meaning such as the one we derive, rather than any other; and would consider any different meaning, by comparison, strained, or far-fetched, or unusual, or unlikely." *Hutton* v. *Phillips*, 45 Del. 156, 160 (1949). Applying this definition, we agree with the board's conclusion that the statute is unambiguous. The language employed is neither peculiar nor technical, but is comprised rather of familiar words commonly combined to express, as they do here, a simple thought. Thus we construe the statute according to the common and approved use of this language. Cf. G. L. c. 4, § 6 (Rules for Construing Statutes). Further, in reading the exemption as applying to *all* meals otherwise within the express provisions of the statute we can and do reach a result which is consistent with the import of every other clause and section.[2] Under all of these circumstances we need not probe legislative history for further assistance.

Inherent in the Commissioner's argument is the suggestion that if we are to insert by implication the word "all" into this statute (*all* meals otherwise meeting the stated

---

[2] General Laws c. 64B provided for the imposition of the meals tax. Although c. 64B had a definitional section (§ 1), the term "meal" was not defined. Section 2A provided that those meals meeting the criteria set forth "shall be exempt from the taxes imposed by" G. L. c. 64B. Generally, the exempted meals are either served by charitable or nonprofit organizations or are exempted for reasons of administrative convenience. The "hospital exemption" was mentioned only once in all of c. 64B. Thus our conclusion — that eligibility for the hospital meals tax exemption is not affected by the status of the consumer — will have no effect upon the construction of sections of c. 64B other than § 2A (*a*), the section at issue in this case.

381 Mass. 748                                        751

New England Medical Center Hospital, Inc. *v.* Commissioner of Revenue.

criteria for exemption are exempt), then we may as well
properly consider the Commissioner's suggested insertion of
the words "to patients" in order to limit the exemption. We
have, however, been shown no authority which would jus-
tify a court in restricting general words (like "meals") to one
class and excluding other classes, where the purpose of the
statute is applicable alike to all and the differentiation bet-
ween classes is on grounds wholly outside of the clear
language of the statute. Cf. *United States* v. *Hartwell*, 73
U.S. (6 Wall.) 385, 396 (1867); *Pacific Wool Growers* v.
*Commissioner of Corps. & Taxation*, 305 Mass. 197, 199
(1940). We view the Commissioner's suggested restrictive
insertion of the words "to patients" in much the same light
that we viewed the suggested insertion by implication of
"road" miles in a statute measuring how many miles distant
from municipal boundaries a municipal employee was per-
mitted to reside. See *Burke* v. *Police Chief of Newton*, 374
Mass. 450, 452 (1978). We observe further that the
Legislature could easily have so limited the exemption by in-
corporating restrictions similar to those it incorporated in
two companion clauses contemporaneously enacted. Gen-
eral Laws c. 64B, § 2A(*b*) and (*c*), respectively, provided
that meals prepared by church members and served on
church premises "*to any organization of such church*" were
exempt from the meals tax, as were meals furnished in a
summer camp "*to any child under sixteen years of age*" (em-
phasis added). From this we conclude that the Legislature
was familiar with the means by which such exemptions
could be restricted depending upon the status of the con-
sumer, yet failed to include such a restriction in the hospital
exemption (§ 2A[*a*]). Very simply, we hold that "meal" re-
mains a meal regardless of the status of the consumer unless
the statute states otherwise. We do not find it necessary to
examine those alternative interpretations proffered by the
Commissioner and claimed to be based on legislative history
since our conclusion that the statute is plain and unam-
biguous establishes that we need no assistance from
legislative history. We do not say there may never be cir-

cumstances where, despite statutory wording which is plain and unambiguous, the court should appropriately look to extrinsic evidence. The Commissioner has shown no reason why we should consider this case to warrant such treatment. Although we draw no conclusion therefrom, it is ironic that consideration of the legislative history, as urged by the Commissioner, adds no further merit to the Commissioner's argument.[3]

The decision of the Appellate Tax Board abating the meals tax in full is affirmed.

*So ordered.*

---

[3] When the Legislature enacted § 2A(*a*) in 1953, it was simultaneously presented with four alternative proposals which would have explicitly limited the exemption to something less than all meals served in a hospital. Three of those proposed bills would have expressly limited the meals tax exemption to meals served to patients in a hospital. The Legislature, however, chose to enact an exemption which, by its terms, did not put any such limit on the exemption. See 1952 House Doc. No. 1418 (creating a general exemption but not exempting meals for which there is an individual charge made) and 1953 House Doc. Nos. 287, 1264, and 2435 (each limiting the exemption to meals served to patients).