COMMONWEALTH vs. ALVARAZ EMILIO BURGOS.

Hampden. December 7, 1983. — January 17, 1984.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, NOLAN, & O'CONNOR, JJ.

*Practice, Criminal,* Sentence. *Due Process of Law,* Vagueness of statute. *Controlled Substance.*

A defendant with prior heroin convictions may be convicted and sentenced pursuant to G. L. c. 94C, § 32 (*b*), for a second offense of distributing heroin, despite the unconstitutional vagueness of G. L. c. 94C, § 32 (*a*), as appearing in St. 1980, c. 436, § 4. [764-766]

INDICTMENT found and returned in the Superior Court Department on December 21, 1981.

After the case was heard by *Pierce,* J., a motion for resentencing was heard by *Moriarty,* J., and a question of law was reported by him to the Appeals Court. The Supreme Judicial Court ordered direct review on its own initiative.

*Daniel E. Callahan* for the defendant.

*William T. Walsh, Jr.,* Assistant District Attorney, for the Commonwealth.

ABRAMS, J. After a jury-waived trial, the defendant, Alvaraz Emilio Burgos, was convicted of distribution of heroin, a second offense, G. L. c. 94C, § 32 (*b*), as appearing in St. 1980, c. 436, § 4, and was sentenced to the Massachusetts Correctional Institution, Walpole, for a term of eight to ten years. In January, 1983, the defendant filed a motion asking that he be resentenced pursuant to our decisions in *Commonwealth* v. *Gagnon,* 387 Mass. 567 (1982) (*Gagnon I*), and *Commonwealth* v. *Gagnon,* 387 Mass. 768 (1982) (*Gagnon II*), cert. denied, 461 U.S. 921, and 464 U.S. 815 (1983). The judge who heard the motion reported a question to the Appeals Court concerning the applicability of our rulings in *Gagnon I* and *Gagnon II* to the

defendant's motion. See Mass. R. Crim. P. 34, 378 Mass. 905 (1979). In particular, the judge asked whether our holding that the sanctions imposed by G. L. c. 94C, § 32 (a), were void for vagueness, *Gagnon I, supra* at 574, requires the defendant be resentenced.[1] We transferred the case to this court on our own motion. We hold that the sanctions enumerated in G. L. c. 94C, § 32 (b), are not unconstitutional and that the defendant is not entitled to resentencing.

The defendant does not challenge the substantive validity of his conviction. Because the prior offense charged in the indictment "is not part of the crime charged [and] . . . relates only to punishment," *Commonwealth* v. *Murphy*, 389 Mass. 316, 321 (1983), citing *McDonald* v. *Commonwealth*, 173 Mass. 322, 326-327 (1899), aff'd, 180 U.S. 311, 313 (1901), the defendant reasons that G. L. c. 94C, § 32 (b), is merely an enhanced punishment dependent on the validity of G. L. c. 94C, § 32 (a). See *Gagnon I, supra.* The defendant also argues that the second offense statute cannot be applied because conviction thereunder is limited to a prior conviction under the unconstitutional first offense statute. We reject both of the defendant's contentions.

The short answer to the defendant's first claim is that G. L. c. 94C, § 32 (b), is not dependent on the portion of § 32 (a) held unconstitutional in *Gagnon I.* The issue in *Gagnon I* was "whether the defendants had sufficient notice of the penalty which attached to their conduct to satisfy due process requirements." *Gagnon II, supra* at 770. Our consideration of G. L. c. 94C, § 32 (a), was limited to the constitutionality of its penalty provisions. See *Commonwealth* v. *Bongarzone, ante* 326, 335 (1983).

The penalty provisions of § 32 (b) are clear and unambiguous. The statute provides for a term of "not less than

---

[1] The judge stated in his report, "I respectfully request [the] court to determine whether a defendant could be convicted and sentenced for a second offense of distributing heroin under the provisions of G. L. c. 94C, § 32 (b), despite the unconstitutional vagueness of G. L. c. 94C, § 32 (a), as those two sub-sections appeared in St. 1980, c. 436, § 4."

five years and not more than fifteen years" on conviction of a second offense under § 32. The statute states that "[a]ny person convicted of violating this subdivision shall be punished by a mandatory minimum term of imprisonment of five years in the state prison." G. L. c. 94C, § 32 (*b*). A fine may be imposed, "but not in lieu of the mandatory term of imprisonment, as authorized herein." *Id.*

There is no ambiguity with respect to the Legislature's intent to make distribution of Class A controlled substances illegal. The elements of the crime are set forth in § 32 (*a*) and notify persons of "ordinary intelligence what conduct is proscribed." *Commonwealth* v. *Sefranka*, 382 Mass. 108, 111 (1980).

The defendant's second claim is that he could not have been convicted of distribution of heroin under § 32 (*a*), and, therefore, he has not committed a prior offense under § 32 (*a*). The second offense provisions of § 32 (*b*) are applicable "after one or more prior convictions of *this offense* or of any offense of any other jurisdiction, federal, state or territorial, which is the same as or necessarily includes the elements of said section . . ." (emphasis supplied). The defendant reads the statute as referring solely to St. 1980, c. 436, § 4. The statute, however, is not that limited. We read the words "this offense" as referring to convictions under the 1980 statute or under the prior versions of the drug statute. The defendant does not contest the fact that he had *two* prior convictions, one for distribution of heroin and one for possession of heroin with intent to distribute, under the prior version of G. L. c. 94C, § 32 (*a*). See St. 1971, c. 1071, § 1. Thus, the defendant's conduct in distributing heroin after prior convictions for heroin offenses falls within the plain meaning of § 32 (*b*), and he is subject to sentencing under the enhanced penalties provisions of G. L. c. 94C, § 32 (*b*).

In conclusion, the answer to the question reported is that persons with prior heroin convictions may be convicted and sentenced for a second offense of distributing heroin pursuant to G. L. c. 94C, § 32 (*b*), despite the unconstitutional

vagueness of G. L. c. 94C, § 32 (*a*).  This matter is re-manded to the Superior Court for such proceedings as may be needed in light of our answer to the reported question.

*So ordered.*