COMMONWEALTH *vs.* CHRISTOPHER MARACIC
(and three companion cases[1]).

Middlesex.   September 13, 1984. — October 31, 1984.

Present: WARNER, KAPLAN, & ROSE, JJ.

*Statute,* Construction. *Practice, Criminal,* Sentence. *Controlled Substances.*
*Due Process of Law,* Vagueness of statute.

The penalty provisions of G. L. c. 94C, § 32E(*b*)(3), as appearing in St.
    1982, c. 650, § 11, which prescribe a term of imprisonment in State
    prison for not less than ten nor more than fifteen years for persons
    convicted of trafficking in 200 or more grams of cocaine and which
    state that fines not be imposed in lieu of the mandatory minimum term
    of imprisonment, as established "herein," are not unconstitutionally
    vague by reason of any alleged inconsistency with the language of § 32E
    (*a*)(1), providing for sentences of different lengths, either to State prison
    or to a house of correction, to be imposed on persons trafficking in
    marihuana, and providing that no sentence imposed under the provisions
    of "this section" shall be for less than a mandatory minimum term of
    imprisonment of one year. [724-725]
In a case in which the defendants were indicted for trafficking in 200 or more
    grams of cocaine in violation of G. L. c. 94C, § 32E(*b*)(3), this court
    found no conflict between § 32E(*b*)(3), providing for "imprisonment in
    the state prison for not less than ten nor more than fifteen years," and
    G. L. c. 279, § 24, which sets forth general standards for indeterminate
    sentencing. [725-726]

INDICTMENTS found and returned in the Superior Court De-
partment on August 30, 1983.

Questions of law were reported to the Appeals Court by
*Meyer,* J.

*Richard Zorza* for Christopher Maracic.
*Anthony M. Cardinale* for Cynthia Hibbitts.

---

[1] One of the companion cases is against the defendant Maracic and two
are against Cynthia Hibbitts.

*Margot Botsford,* Assistant District Attorney, for the Commonwealth.

ROSE, J. Maracic and Hibbits were indicted for trafficking in 200 or more grams of cocaine in violation of G. L. c. 94C, § 32E(*b*)(3), as appearing in St. 1982, c. 650, § 11. The defendants moved to dismiss the indictments, arguing that the 1982 amendments to this statute were unconstitutionally vague because the Legislature had failed to clarify unclear language in the penalty section of the statute as inserted by St. 1980, c. 436, § 4. The Supreme Judicial Court struck down similar provisions as impermissibly vague in *Commonwealth* v. *Gagnon,* 387 Mass. 567 (1982), *Commonwealth* v. *Marrone,* 387 Mass. 702 (1982), and *Commonwealth* v. *Bongarzone,* 390 Mass. 326 (1983). The Superior Court judge reported two questions to this court. The reported questions are (1) whether the penalty provisions of the 1982 version[2] of § 32E(*b*)(3) are unconstitutionally vague, or, (2) if not, whether they are ambiguous when read with G. L. c. 279, § 24, which sets forth general standards for indeterminate sentencing. We conclude that the statute is not vulnerable in either posture.

In relevant part, § 32E(*b*)(3), as appearing in St. 1982, c. 650, § 11, reads: "[Violators shall] be punished by a term of imprisonment in the state prison for not less than ten nor more than fifteen years . . . . [Fines may not be imposed] in lieu of the mandatory minimum term of imprisonment, as established herein." Section 32E(*a*)(1) reads in part: "[Violators shall] be punished by a term of imprisonment in the state prison for not less than two and one-half nor more than fifteen years or by imprisonment in a jail or house of correction for not less than one nor more than two and one-half years. No sentence imposed under the provisions of this section shall be for less than a mandatory minimum term of imprisonment of one year. . . ."

"A statute is plain and unambiguous if 'virtually anyone competent to understand it, and desiring fairly and impartially to ascertain its signification, would attribute to the expression

---

[2] Still another version of this statute has been adopted, St. 1983, c. 571, § 3.

in its context a meaning such as the one we derive, rather than any other; and would consider any different meaning, by comparison, strained, or far-fetched, or unusual or unlikely.'" *New England Medical Center Hosp., Inc.* v. *Commissioner of Revenue,* 381 Mass. 748, 750 (1980), quoting from *Hutton* v. *Phillips,* 45 Del. 156, 160 (1949).

Section 32E is divided into three subsections. These subsections begin, respectively, with the phrases: "Any person who trafficks in marihuana," "Any person who trafficks in cocaine," and "Any person who trafficks in heroin." Manifestly, each subsection applies exclusively to traffickers in the identified narcotic. Within each subsection the penalties for trafficking in large quantities are greater than the penalties for trafficking in small quantities. The mandatory minimum penalties for trafficking in heroin are on average greater than those for trafficking in cocaine. The mandatory minimum penalties for cocaine trafficking are on average greater than those for trafficking in marihuana. The logic of § 32E, considered in its entirety, is one of increasing penalties for increasing quantities of increasingly dangerous drugs. The defendants would have us check the ballooning of these penalties with a pointedly illogical reading of § 32E($a$)(1). "It has been called a golden rule of statutory interpretation that unreasonableness of the result produced by one among alternative possible interpretations of a statute is reason for rejecting that interpretation in favor of another which would produce a reasonable result." 2A Sands, Sutherland Statutory Construction § 45.12 (4th ed. 1973).

Viewing § 32E($b$)(3) standing alone, we think it plain that the mandatory minimum term of imprisonment is "not less than ten" years. However, the defendants argue that confusion arises when this subsection is read in conjunction with § 32E ($a$)(1). Section 32E($a$) is introduced by the phrase "Any person who trafficks in marihuana." This section does not apply to defendants, whose trafficking, if any, has been in cocaine. The defendants assert that the "section" to which § 32E($a$)(1) refers could be all of § 32E. They argue, therefore, that it is unclear whether the one year term in § 32E($a$)(1) applies only to § 32E($a$)(1) or to all of § 32E. Further, they suggest that

the word "herein" in § 32E(*b*)(3) could refer to either § 32E (*b*)(3) alone or all of § 32E. Therefore, the defendants conclude, the statute is unconstitutionally vague.

The defendants' reading is contrived. "It is a fundamental tenet of due process that '[n]o one may be required at peril of life, liberty or property to speculate as to the meaning of penal statutes,'" *Commonwealth* v. *Gagnon*, 387 Mass. at 569, quoting from *Lanzetta* v. *New Jersey*, 306 U.S. 451, 453 (1939). Due process does not require, however, that a Legislature enact laws immune to disingenuous constructions.

The Legislature plainly included an express reference to a mandatory minimum term of imprisonment of one year in § 32E(*a*)(1) because that subsection provides for sentences of different lengths either to the State prison or to a jail or house of correction. Articulation of the length of the mandatory minimum sentence is necessary in this subsection, but is unnecessary where only a State prison sentence is imposed, as in § 32E(*b*)(3) and the other subsections of § 32E as well. Moreover, the Legislature's use of the phrase "a mandatory minimum" in § 32E(*a*)(1) would serve no purpose if § 32E set forth only one mandatory minimum sentence, which would naturally be "the" mandatory minimum sentence to which all the clauses make reference.

In § 32E(*a*)(1) "herein" must refer only to § 32E(*a*)(1); if it does not, the Legislature's distinction between "a" and "the" in the subsection would be pointless. The same is true of the word "section." There is nothing in the canons of statutory construction or the common dictionary definition of "section" that requires us to give it an expansive meaning. A section is a "distinct part or portion of something written." Webster's Ninth New Collegiate Dictionary 1061 (1983). The word section does not appear in more than one context in § 32E; its logical meaning in § 32E(*a*)(1) and the other subsections is narrow.

The unconstitutional ambiguity in *Gagnon, Marrone,* and *Bongarzone, supra,* not only appeared *within* various clauses, but also created a situation in which no reasonable person could

have chosen among several possible constructions of the penalty provisions. This is not the case here.[3]

To both questions reported by the Superior Court our answer is no.

---

[3] The second question reported by the Superior Court, regarding a possible conflict between § 32E and G. L. c. 279, § 24, is easily resolved. Section 24 provides that no sentence to a State prison shall be for a minimum term of less than two and one-half years. The argument, which neither defendant raised, appears to be that if the "mandatory minimum" sentence were one year, then such a sentence could not be imposed under § 32E(b)(3), which specifies a penalty of incarceration in a State prison. Statutes that impose State prison terms of less than two and one-half years merely place violators on notice that their crimes are felonies. Judges are not thereby precluded from sentencing offenders to facilities other than State prisons. *Commonwealth* v. *Lightfoot,* 391 Mass. 718, 721-722 (1984); *Commonwealth* v. *Dupree,* 16 Mass. App. Ct. 600, 605 (1983).