COMMONWEALTH *vs.* JOHN SILMAN (and companion cases). June 14, 1985. *Controlled Substances. Due Process of Law*, Vagueness of statute.

Prior to trial a Superior Court judge reported two questions to this court under Mass.R.Crim.P. 34, 378 Mass. 905 (1979): (1) whether the penalty provisions of G. L. c. 94C, § 32E (*a*) (4), as appearing in St. 1982, c. 650, § 11, and which pertain to possession of marihuana in excess of 10,000 pounds, are unconstitutionally vague; and (2) whether there is conflict between these provisions and those found in G. L. c. 279, § 24, governing sentences to State prison, assuming the former provisions to be constitutionally valid.

The answers to the questions reported are controlled by our decision in *Commonwealth* v. *Maracic*, 18 Mass. App. Ct. 722 (1984), in which we held that substantially identical provisions of G. L. c. 94C, § 32E(*b*) (3), as appearing in St. 1982, c. 650, § 11, prescribing penalties for trafficking in cocaine, were unambiguous and withstood constitutional scrutiny. There we found that the mandatory minimum term of imprisonment under § 32E(*b*) (3) was "not less than ten" years and pointed out that the express reference in § 32E(*a*) (1) to a "mandatory minimum one year term of imprisonment," for marihuana trafficking involving fifty to one hundred pounds, represented a separate scheme and was required because "that subsection provides for sentences of different lengths either to the State prison or to a jail or house of correction." *Id.* at 725. We find nothing in the language of G. L. c. 94C, § 32E(*a*) (4), that would lead us to a different conclusion. It is clear that a mandatory minimum term of "not less than ten" years is also established by that provision.

With respect to the second question reported by the judge, we noted in *Maracic* that G. L. c. 279, § 24, merely "place[s] violators on notice that their crimes are felonies." *Maracic, supra* at 726 n.3. There is no conflict with the provisions of § 32E.

To both questions reported our answer is no.

*Anthony M. Cardinale* for the defendants.

*Phillip L. Weiner*, Assistant District Attorney, for the Commonwealth.