COMMONWEALTH *vs.* JOHN G. GRANT & SONS CO., INC.

Norfolk. June 12, 1987. — September 4, 1987.

Present: PERRETTA, KASS, & WARNER, JJ.

*Practice, Criminal*, Sentence. *Statute*, Construction. *Due Process of Law*, Vagueness of statute. *Wetlands*.

The last paragraph of G. L. c. 131, § 40, the Wetlands Protection Act, which prescribes a fine of not more than one thousand dollars or imprisonment of not more than six months, or both, for any violation of that section, with each day of continuing violation constituting a separate offense, is unconstitutionally vague by reason of its inconsistency with the fifth paragraph of c. 131, § 90, providing a fine of not less than one hundred dollars nor more than five thousand dollars, or imprisonment for not more than two years, or both, for a violation of any provision of § 40. [692-693]

COMPLAINT received and sworn to in the Quincy Division of the District Court Department on June 10, 1985.

On transfer to the jury session of the Dedham Division, the case was tried before *Charles E. Black*, J.

*James M. Burke* for the defendant.

*James A. Paisley*, Special Assistant District Attorney, for the Commonwealth.

KASS, J. Upon complaint by the town of Braintree, John G. Grant & Sons Co., Inc., was found guilty by a jury of six of multiple violations of G. L. c. 131, § 40, the Wetlands Act.[1] The violation of the statute charged in the complaint was that the defendant had filled and altered a fresh water wetland which was subject to flooding. A judge of the District Court imposed a fine of $70,000, plus a surfine of $17,500.

---

[1] The complaint also charged the defendant with violating a town by-law that substantially tracks the first paragraph of G. L. c. 131, § 40. The jury also returned a verdict of guilty on that aspect of the complaint. The trial judge regarded the offense against the town by-law as duplicative and did

What punishment the Wetlands Act prescribes gives rise to the primary — and dispositive — point on appeal. The last paragraph of G. L. c. 131, § 40, as amended by St. 1974, c. 818, § 1, provides as follows:

> "Whoever violates any provision of this section shall be punished by a fine of not more than one thousand dollars or by imprisonment for not more than six months or both. Each day or portion thereof of continuing violation shall constitute a separate offense."

In the instant case the jury found that violations of the act persisted from November 3, 1982, to, at least, May 4, 1986. The trial judge calculated the maximum penalty which he might impose under § 40 on the defendant to be $1,275,000[2] and scaled down from that.

Section 90 of c. 131 deals generally with penalties for infractions under c. 131. The fifth paragraph of § 90, as amended by St. 1971, c. 149, provides as follows:

> "Whoever violates any provision of section forty, or of any rule or regulation made under authority thereof, shall be punished by a fine of not less than one hundred dollars nor more than five thousand dollars, or by imprisonment for not more than two years, or both."

It cannot persuasively be argued that § 90 is a section of general applicability which must yield to the specific provisions

---

not impose a separate fine. The judge recorded the guilty finding and stated that the case was filed with victim/witness assessments. The town violation is not discussed in the brief of either party. Our opinion does not consider, or bear on, the violation of the town by-law.

[2] The judge apparently did some slight rounding off. The maximum days of violation to be inferred from the jury's verdict were 1279. If multiplied by $1,000, the product is $1,279,000. Had an action been lodged against an individual defendant, the statute admits of the dazzling possibility of 639 years and six months of imprisonment. Indeed, an action had been brought against a principal officer of the corporate defendant, but he died early in the litigation.

of § 40. Section 90 contains thirteen discrete punishment provisions for violations of the various provisions in c. 131, which relates to inland fisheries, game and other natural resources. Paragraph five of § 90 takes straight and exclusive aim at violations of § 40. The inconsistency between the punishment which may be visited under § 40 or § 90 for the same offense is inescapable and dramatic, e.g., a fine of $1,279,000 versus $5,000; imprisonment for two years versus a ludicrous 639 years and six months. It is similarly implausible to urge that the fifth paragraph of § 90 should be read as an outer limit on the penalties prescribed in § 40. No language in § 90 expresses awareness of the penalty provisions in § 40. The range of fines set out in § 90, not less than $100 nor more than $5,000, is indicative of an independent penalty provision rather than one designed to curtail another.[3] Of the thirteen paragraphs in § 90, the fifth is the only one which collides with a section that contains its own specific penalties. Six provisions in § 90 provide a penalty for each specific offense or for each specific violation; the fifth paragraph does not.

No one, as matter of constitutional due process, may, on pain of loss of liberty, be required to speculate about the meaning of penal statutes. *United States* v. *Batchelder*, 442 U.S. 114, 123 (1979). *Commonwealth* v. *Gagnon*, 387 Mass. 567, 569 (1982). The governing principles were relatively recently set out in the *Gagnon* opinion at 569: the hypothetical rational person contemplating a violation of law may not be required to guess about punishment any more than about substantive provisions; criminal statutes are construed strictly against the Commonwealth; we may look to outside sources to determine the meaning of a statute whose language is unclear; we indulge every rational presumption in favor of the statute's validity; but any reasonable lingering doubt as to the meaning of the statute or the intention of the Legislature must be resolved in favor of the defendants.

---

[3] If $5,000 is the highest penalty payable, it is not a particularly threatening punishment; the economic rewards of violating the law may greatly exceed the fine. For an individual, of course, the threat of two years imprisonment is a forceful deterrent.

We have rummaged around in the statutory history of §§ 40 and 90 but have found nothing useful in resolving the inconsistency between the two sets of penalties. As in the *Gagnon* case, there is reasonable doubt about what sanction the Legislature intends for violation of § 40. See also *Commonwealth* v. *Marrone*, 387 Mass. 702, 704 (1982); *Commonwealth* v. *Bongarzone*, 390 Mass. 326, 334-336 (1983). Compare *Commonwealth* v. *Burgos*, 390 Mass. 763, 764-765 (1984); *Fogelman* v. *Chatham*, 15 Mass. App. Ct. 585, 589-590 (1983); *Commonwealth* v. *Dupree*, 16 Mass. App. Ct. 600, 605-606 (1983); *Commonwealth* v. *Maracic*, 18 Mass. App. Ct. 722 (1984); *Commonwealth* v. *Silva*, 21 Mass. App. Ct. 536, 540-541 (1986); *Commonwealth* v. *Haley*, 23 Mass. App. Ct. 10, 15-22 (1986). As to its penal provisions, G. L. c. 131, § 40, read with § 90, is unconstitutionally vague.

As of September 23, 1987, the statutory anomaly applicable in this case will cease to exist. By St. 1987, c. 174, § 21, approved June 25, 1987, the penalty provisions which now appear in G. L. c. 131, § 90, are deleted. The penalty provisions in G. L. c. 131, § 40, were amended by § 19 of the 1987 act, to provide that a person who violates § 40 "(a) shall be punished by a fine of not more than [$25,000] or by imprisonment for not more than two years, or both such fine and imprisonment; or (b) shall be subject to a civil penalty not to exceed [$25,000] for each violation. Each day such violation continues shall constitute a separate offense." It has been open, and continues to be so, through equitable proceedings, to secure compliance with the physical strictures of the Wetlands Act.

In view of our resolution of the claim of vagueness in the penal provisions of G. L. c. 131, §§ 40 and 90, as applicable when the complaint in this case was lodged, it is not necessary to consider the other points raised by the defendant.

The judgment under G. L. c. 131, §§ 40 and 90, is reversed. The corresponding verdict is set aside. The corresponding portion of the complaint against the defendant is to be dismissed.

*So ordered.*