COMMONWEALTH *vs.* AMADOR LISASUAIN. No. 97-P-1011. April 1, 1998. *Controlled Substances. Practice, Criminal,* Assistance of counsel, Sentence.

After pleading guilty to multiple indictments brought pursuant to G. L. c. 94C, § 32(*b*), distribution of heroin as a second or subsequent offender, the defendant appeals claiming his trial counsel was ineffective for not moving to dismiss so much of the indictments as charged a subsequent offense. He argues that such a motion would have been allowed because his earlier conviction in New York involved the selling of cocaine.[1] We disagree.

Subsection (*b*) of G. L. c. 94C, § 32 (as amended by St. 1982, c. 650, § 6), is identical, except for the .designated punishment, to subsections (*b*) in §§ 32A, 32B, 32C, and 32D. It provides in pertinent part:

> "Any person convicted of violating this section after one or more prior convictions of manufacturing, distributing, dispensing or possessing with the intent to manufacture, distribute, or dispense a controlled substance as defined by section thirty-one of this chapter under this or any prior law of this jurisdiction or of any offense of any other jurisdiction, federal, state, or territorial, which is the same as or necessarily includes the elements of said offense shall be punished . . . ."

The defendant contends that a conviction in another jurisdiction will not sup-

---

[1]Heroin is a Class A substance; cocaine is a Class B substance.

port a subsequent offense conviction in Massachusetts under subsection (*b*) unless both convictions are for the same class of controlled substance. He asserts that an earlier version of the "other jurisdiction" language was unchanged and, therefore, was unaffected by the current subsection (*b*) and that a subsequent offense conviction may not rest upon an out-of-State conviction involving a different class of controlled substance.[2] That argument is refuted by *Commonwealth* v. *Chavis*, 415 Mass. 703 (1993), which, in construing subsection (*b*) of G. L. c. 94C, § 32A (as amended by St. 1982, c. 650, § 7), concluded that the function of the words "said offense" in that section "is to indicate that an out-of-State offense which sufficiently resembles an offense involving a controlled substance listed in § 31 . . . may form the basis of a prosecution pursuant to the second or subsequent offender provisions" of that section. *Id.* at 708. Both heroin and cocaine are among the controlled substances that "may form the basis of a prosecution under §§ 32-32D. It follows that a conviction pursuant to any of these sections triggers the second or subsequent offender provisions of § 32A(*b*)." *Ibid.* In the instant case, the same reasoning necessarily applies to the defendant's conviction and sentencing pursuant to § 32.

Similarly unavailing is the defendant's argument that his sentence was governed by the new truth-in-sentencing laws, and therefore the sentencing judge could and should have reduced his sentence because of mitigating circumstances. Because the sentencing guidelines have not yet been promulgated, the judge did not have discretion to impose less than the mandatory minimum sentence. *Commonwealth* v. *Cowan*, 422 Mass. 546, 547-548 (1996).

*Judgments affirmed.*

*Wendy B. Golenbock* for the defendant.

*Anne S. Manzello*, Assistant District Attorney, for the Commonwealth.

---

[2]Subsection (*b*) formerly provided in pertinent part: "A person convicted of violating *this section* after one or more prior convictions of this offense or of any offense of any other jurisdiction . . . which is the same as or necessarily includes the elements of said section, shall, upon conviction of a violation of *said section*, be punished . . ." (emphasis supplied). St. 1980, c. 436, § 4. In *Commonwealth* v. *Burgos*, 390 Mass. 763 (1984), the court in effect construed this prior version as requiring the underlying and subsequent offense to involve a class of controlled substance governed by the section of c. 94C to which the subsection was attached.